## ANNIE FALLON *vs.* FRANCIS O'BRIEN.

A.'s horse escaped from an inclosure where it was rightfully kept by A. and strayed on to a highway where it injured B.

In an action by B. against A. to recover damages for the injury received:

*Held*, that B.'s cause of action rested upon negligence on the part of A.

*Held*, further, that if the horse escaped without negligence on the part of A., and if A. exercised due diligence in pursuing and recapturing it, B. could not recover.

*Held*, further, that under Gen. Stat. R. I. cap. 96, the presence of the horse in the highway, loose and unattended, was *primâ facie* evidence of negligence on the part of A.

*Held*, further, that unless A. intentionally permitted his horse to stray at large, Trespass would not lie, the proper remedy being Case.

DEFENDANT'S petition for a new trial.

*February* 21, 1880. DURFEE, C. J. (This is trespass to recover damages for an injury received by the plaintiff, who is a child of tender years, while playing in one of the streets of the city of Providence, in consequence of being kicked by the defendant's horse, which was astray in the street. The defendant, in defence, submitted testimony to show that it was not his horse, but another's, that kicked the plaintiff, and also to show that he kept his horse, with his cows, in an inclosure, and that, though they escaped from it on the day the plaintiff was injured, and were loose in the streets, in the neighborhood, about the time the plaintiff was injured, he immediately pursued them and drove

them back.   He also submitted testimony to show that his horse was gentle and never known to kick.   He requested the court to charge the jury, that if they found he had no knowledge that his horse had a propensity to kick, either from viciousness or playfulness, he would not be liable.   The court refused to charge as requested, but charged that to kick was a natural propensity of a horse, and the defendant was bound to prevent his following it.  The defendant further requested the court to charge the jury that if they found he cared for his horse as a careful person would have cared for it, and that without negligence on his part the horse escaped, and, straying, did the injury complained of without trespassing on the plaintiff's property, the plaintiff could not recover.   The court refused so to charge, but did charge that the defendant was bound to keep his horse from straying, and that if his horse, while astray, kicked the plaintiff, it being natural to a horse to kick, the defendant would be liable for the injury.   The jury having found a verdict for the plaintiff, the defendant petitions for a new trial for error in the instructions.

The cases which directly touch the questions presented are few and somewhat discordant.   In *Goodman* v. *Gay*, 15 Pa. St. 188, it was decided that the owner of a horse, who voluntarily permits it to go at large in the streets of a populous city, is answerable to an individual who is kicked by it, without proof that he knew it was vicious.   The ground of the decision was that all horses are more or less dangerous when turned loose in the frequented streets of a city, and that all men know it, and that, therefore, for the owner to permit his horse to go at large in such a street was negligence for which the injured person was entitled to recover, without proof that the owner knew the horse was vicious. In *Dickson* v. *McCoy*, 39 N. Y. 400, the plaintiff, a child of ten years, was passing along the sidewalk of a populous street in front of the defendant's stable, when the defendant's horse came out, loose and unattended, and, in passing, kicked the plaintiff in the face.   The proof as to the disposition of the horse was that it was young and playful, but not vicious.   The court left it to the jury to find, under the evidence, whether the defendant was or was not guilty of negligence in permitting the horse to be at large.   The jury found for the plaintiff, and their verdict was sustained.   In *Holden* v. *Shattuck*, 34 Vt. 336, the defendant's

horse, being at large in the highway, excited the plaintiff's horse to run and injure itself, the harness, and the wagon. In this case the highway was a country road. The court held that the defendant had a right, under the law in Vermont, to have his horse in the highway depasturing the roadside on his own land, and that, to entitle the plaintiff to recover, it was not enough that the horse was there with the knowledge of the defendant, but that, to subject the defendant to liability, it should be made to appear that the circumstances and occasion, or that the character and habits of the animal were such as to show carelessness on the part of the defendant in reference to the convenience and safety of travellers on the highway. In *Cox* v. *Burbidge*, 13 C. B. N. S. 430, also in 11 W. R. 435, a child, lawfully on the highway, was kicked by the defendant's horse, grazing there. The action was for negligence in keeping the horse. No *scienter* was alleged or proved. On the contrary, it was in proof that the horse was a quiet animal. There was no express evidence that the horse was in the highway through the defendant's neglect. The court held that the action would not lie without an allegation, supported by proof, that the defendant knew that his horse was liable to kick.

It will be seen from this citation of cases that the law is not very clearly settled. We agree with the Pennsylvania and New York cases, that a horse, even though he is not vicious, is a dangerous animal to be at large in the frequented streets of a city. We think, however, that the learned judge who tried this case with the jury went too far when he instructed the jury that the defendant, if his horse caused the injury, was absolutely liable for it, without regard to whether the horse's presence in the highway was attributable to his negligence or not. In the American cases cited, it seems to be recognized that it is the negligence of the owner of the animal straying in the highway which renders him liable for the injury inflicted by it; and that if he is guilty of no negligence, he is subject to no liability. In the case at bar, the defendant had an undoubted right to keep his horse in the inclosure near the highway. He had as much right to have it there inclosed as he had to drive it in the streets harnessed. But if, while driving it harnessed, it had escaped from his control without negligence on his part, and, running away,

had injured the plaintiff, it is perfectly well settled that he would not be liable for the injury. We do not see why he should be any the more liable because the horse, instead of escaping from his control, escaped from an inclosure where he was rightfully kept, unless there was some want of diligence in pursuing and recapturing it. We think the jury should have been instructed that, if the defendant was not negligent in either of these respects, the action was not maintainable; though, in view of the law of the State, Gen. Stat. R. I. cap. 96, the jury should also have been instructed that the presence of the horse in the street, going loose and unattended, was *primâ facie* evidence of negligence, which, unless rebutted, would entitle the plaintiff to recover.

The judge who held the jury trial doubtless ruled as he did in analogy to the rule of the common law in regard to the straying of domestic animals from the land of their owner into the land of another person. In such a case the owner is liable for the injury, whether he has been negligent or not. But in such a case the trespass to the land is the gist of the action, any other injury being regarded as aggravation. The same law does not apply where the injury is merely personal. *Cox* v. *Burbidge,* 13 C. B. N. S. 430.

The defendant makes the point that the proper remedy for the injury complained of by the plaintiff is case, not trespass. The case is not formally before us on this point, but it may save unnecessary expense for us to express our opinion in regard to it. We think it is clear that, unless the defendant intentionally permitted his horse to be at large in the street, trespass does not lie; for otherwise the injury, if it resulted from the defendant's negligence, was a consequential result of it, for which case is the proper remedy. 1 Chitty Pleading, *140.[1] Case was the remedy resorted to in the cases previously cited, except that from New York, where the common law distinctions have been abolished. *Petition granted.*

*Ziba O. Slocum,* for plaintiff.

*Charles E. Gorman,* for defendant.

---

[1] Compare *Brennan* v. *Carpenter,* 1 R. I. 474.