[No. 12070. Department Two. February 2, 1915.]

INDEPENDENT ORDER OF FORESTERS, *Appellant*, v. H. E. BONNER *et al., Respondents.*[1]

NEW TRIAL—GROUNDS—MISCONDUCT OF JURY. The fact that the jury accepted the evidence of one party rather than that of another does not show passion or prejudice.

DEPOSITIONS—EXAMINATION OF WITNESS—ANSWERS—RESPONSIVENESS. An answer to a cross-interrogatory in a deposition as to the condition in which the witness found the vital organs of the deceased when he performed the autopsy, is properly excluded as not responsive, where the answer only stated the conclusion of the witness that the condition of the organs was the same as would be caused by chronic alcoholism and that the odor of alcohol was present.

APPEAL—REVIEW—VERDICTS. A verdict upon conflicting evidence, sufficient to support the theory of either side, is conclusive on appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered September 12, 1913, upon the verdict of a jury rendered in favor of the defendant, in an action of interpleader. Affirmed.

*Samuel R. Stern*, for appellant.

*Charles P. Lund*, for respondents.

MAIN, J.—This is an action of interpleader, brought by the plaintiff, a fraternal insurance order, for the purpose of

[1]Reported in 145 Pac. 987.

having determined to whom should be paid the amount due on a beneficiary certificate issued to one V. R. Bonner, and for what amount the plaintiff should be held liable. The certificate called for the payment of $1,000. Under the rules of the order, when any member thereof used intoxicants to such excess as to endanger his life, or to materially affect the risk upon his life, or directly or indirectly cause his death, his insurance or mortuary benefits were reduced.

The plaintiff claims that the death of V. R. Bonner was accelerated by the use of intoxicants, and that, therefore, the amount payable to the beneficiary was $577.36. H. E. Bonner, the son, and Mrs. H. S. Fender, the former wife, both appeared in the action. Prior to the calling of the case for trial, the son filed a disclaimer. Mrs. Fender denied that the deceased's death was accelerated by the use of intoxicants, and claimed the full amount of the certificate. The cause was tried to the court and a jury. The trial judge, in submitting the case to the jury, stated that the question to be determined was whether "deceased died of alcoholism." To this instruction, no exception was taken. The jury returned a verdict for the sum of $1,000, the full amount of the certificate. Motion for a new trial, and motion for judgment notwithstanding the verdict, being made and overruled, a judgment was entered upon the verdict. The plaintiff appeals.

It is first assigned as error that "the verdict was the result of passion and prejudice and against the evidence." The testimony for the plaintiff was given by depositions. The testimony for the defendant was given orally before the court and jury. The trial proceeded with the utmost decorum. We find nothing in the record to justify the claim that the verdict was the result of passion or prejudice. The fact that the jury accepted the evidence of the defendant rather than that of the plaintiff does not show passion or prejudice.

. The second error assigned is upon the ruling of the court sustaining an objection to the reading of an answer to one of the cross-interrogatories found in one of the depositions,

and the refusal of the court to permit the reading of the answer to a question in another deposition. By the cross-interrogatory, the witness was asked to state the condition in which he found the vital organs of the deceased when he performed the autopsy. The answer did not state the condition in which he found such organs, but stated the conclusion of the witness that the condition of the organs was the same as would be caused by chronic alcoholism, and that the odor of alcohol was present when the autopsy was performed. The answer was not responsive to the question. The other question to which the court sustained an objection called for a matter which was not relevant or material to the inquiry. In these rulings the trial court committed no error.

It is also claimed that the motion for judgment *non obstante veredicto* should have been granted. The evidence of the plaintiff and that of the defendant was not in harmony. The evidence offered by the defendant and the reasonable inferences that might be drawn therefrom were sufficient to sustain the verdict. On the other hand, the evidence of the plaintiff and the reasonable inferences that might be drawn therefrom would have sustained a verdict as contended for by it. The disputed question was one of fact and, consequently, it was for the jury to determine. The appellant in its brief states: "There is but one disputed question of fact in this case and that is whether the decedent's death was caused in whole or in part from the use of alcoholic beverages." The jury having spoken upon the disputed question of fact, and there being evidence to sustain the verdict, it will not be disturbed by this court.

There are other assignments of error, all of which have been considered, but in none of them do we find substantial merit.

The judgment will be affirmed.

CROW, MOUNT, ELLIS, and FULLERTON, JJ., concur.