## Alvah W. Round *vs.* John J. Burns.

JUNE 9, 1950.

Present: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an action of trespass on the case for negligence which was tried in the superior court without a jury and resulted in a decision for the plaintiff.   The case is here on defendant's bill of exceptions containing an exception to that decision and also several other exceptions.   On our view of the exception to the decision it will not be necessary to consider the other exceptions.

The gist of the plaintiff's alleged cause of action is averred in his declaration as follows: "For that, the said defendant on, to wit, the 10th day of October A. D. 1947 was driving, operating and controlling a certain automobile upon the State highway known as the Danielson Pike in the Town of Scituate, Rhode Island at a point near the intersection of said Danielson Pike with the Old Hartford Pike, so-called, within the zone marked 'cattle crossing' proceeding in a westerly direction and it then and there became and was the duty of the said defendant to operate said automobile in a careful manner so as not to damage the cow of the plaintiff which was crossing from the barnyard of the plaintiff to the pasture of the plaintiff within the zone designated by signs erected reading 'cattle crossing.' The plaintiff being in the exercise of due care.   Yet the defendant wholly disregarding his duty in this respect so negligently and carelessly operated, drove and controlled his said automobile that he ran into the cow of the plaintff with great force causing the death of said cow."

There is no evidence in the record that the cow was *crossing* the highway from plaintiff's barnyard to his pasture.   On the contrary the plaintiff himself testified that she strayed from the barnyard and "trotted" out into the highway and collided almost immediately with defendant's

automobile. The only eyewitness to the accident was the defendant. He testified in substance that the cow "galloped" into the highway from behind some trees near plaintiff's driveway; that his car was then about 12 feet from her; and that he did not see her until she was right in front of him. At another point in his testimony he testified that she "jumped" out from behind two trees alongside the highway. The trial justice commented on this variance in defendant's testimony and appeared to give it some weight in favor of the plaintiff.

On our view of the evidence such variance is not of decisive importance on the question of the defendant's alleged negligence. Whether the cow jumped into the highway or galloped along the highway into the front of defendant's car is of no consequence as it is clear from his testimony that in whatever manner she emerged upon the highway it was with such suddenness that there was no time to avoid colliding with her. He testified that he tried to prevent such collision by turning his car to the left, but without success. It is apparent not only from his testimony but also from plaintiff's testimony that the sudden and unexpected appearance of the cow in front of the car and not the negligence of the defendant was the sole proximate cause of the accident.

It is undisputed that the cow entered the highway abruptly and thereafter collided almost instantaneously with defendant's car. On this point there is a marked coincidence in the testimony of the defendant and the plaintiff. Plaintiff testified, as stated above, that the cow escaped from the barnyard and "trotted" past him down the driveway into the highway. He further testified that as she entered the highway she turned left and headed toward Providence; that thereafter she was hidden from his view by some trees near the driveway; and that almost at once she was hit by defendant's car. How brief the interval was between the cow's appearance in the highway and her collision with the car is best illustrated

by plaintiff's answer to the following question in cross-examination: "And then how soon after the last sight that you had of that cow did you hear anything—did you hear any commotion? A. Only a matter of seconds, that's all, when she was hit." And he had already testified in direct examination as to whether he saw the cow struck: "No. She passed out of our line of vision and then the crash came."

It is clear from this evidence that defendant was confronted with an emergency. Unless some negligent act on his part created such emergency and thus became the proximate cause of the accident, he cannot be held liable for plaintiff's loss. Plaintiff contends that there was evidence from which it could be inferred that defendant was operating his automobile at an unreasonable rate of speed and also that his brakes were defective, and that those acts were proximate causes of the collision. We are not persuaded that plaintiff has proved by a fair preponderance of the evidence that the defendant's speed was unreasonable or that his brakes were defective before the collision, but even assuming those facts to be proved we are clearly of the opinion that neither was a proximate cause. On the other hand we are convinced by the testimony of both plaintiff and defendant that the cow was killed solely as a result of suddenly running into the highway in front of defendant's automobile.

We are also of the opinion that defendant had no reason to anticipate stray animals rushing into the highway merely because he was in a part of the highway marked by "cattle crossing" signs. This is not a case in which the crossing of cattle on the highway was involved. Although plaintiff pleaded such a case in his declaration he did not establish it by his evidence. The evidence showed rather that his cow was running at large upon the highway.

On the view which we take of the evidence it is not necessary for us to determine whether the plaintiff was negligent but as stated in *Fallon* v. *O'Brien,* 12 R. I. 518,

ordinarily the mere presence of a horse going loose and unattended on the highway is prima facie evidence of the negligence of the owner unless he rebuts it. That case was decided many years ago when the speed and volume of highway traffic was not to be compared with what it is today on a modern four-lane highway such as the one which is involved in the case at bar. In a comparatively recent case where a motorcar collided with a cow at large on the highway, *Howland* v. *Cressy*, 95 N. H. 205, the court observed that in view of modern travel conditions the duty to prevent injury to others was especially applicable to the owner of a cow who negligently allowed it to stray on the highway.

On the other hand the motorist must exercise reasonable care not to injure an animal straying on the highway. Of course, if while operating his car at a time when his view ahead is seriously obscured he kills a stray animal in the highway he may, in the absence of contributory negligence on the part of the owner of the animal, be held liable for its death. Such was the case of *Texeira* v. *Sundquist*, 288 Mass. 93, cited by the plaintiff here. In that case the motorist was driving in a heavy fog which so greatly limited his range of vision that he could see only seven feet ahead of him. Nevertheless he proceeded at a speed of twenty-two miles per hour and ran into and killed plaintiff's horse which was walking unattended in the highway.

That case clearly does not help the plaintiff here because on its facts it is materially different from the case at bar. There the motorist failed to exercise due care commensurate with the circumstances created by the fog and blindly drove his car into hidden danger. His negligence was the proximate cause of the accident. Here the sudden emergence of the cow on the highway was the proximate cause of the accident and the defendant was under no duty to guard against it.

The defendant's exception to the decision for the plain-

tiff is sustained. The plaintiff may appear before this court on June 21, 1950 and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

### ON RULE TO SHOW CAUSE.
#### JULY 18, 1950.

PER CURIAM. Pursuant to our opinion heretofore filed in the above-entitled case plaintiff appeared by counsel to show cause why judgment for the defendant should not be entered in the superior court.

At such hearing plaintiff explained certain testimony as reported in the transcript concerning the place and manner in which his cow went upon the highway and the approximate period of time she was there before colliding with defendant's car. Predicated on such explanation or interpretation of the transcript he contended that our decision rested upon a misunderstanding of the true purport of defendant's testimony when read in connection with three photographs of the scene of the collision which were in evidence and were used in the course of the examination of defendant on the witness stand. Plaintiff argued that such testimony if rightly understood would show that defendant could not have been confronted with a sudden emergency.

In view of such contention we withheld decision in order to re-examine the transcript and the exhibits. After carefully considering the entire record as it originally came to us we are still of the opinion that there is evidence which discloses a sudden emergency as stated in our opinion. However, viewing the evidence in the light of plaintiff's present explanation thereof it would seem that the record does not completely show, with definiteness and clarity, what the examiner had in fact elicited from defendant with reference to some of the photographs which were being used in the course of such examination. And at times it is not clear to which of the three photographs defendant's testimony related. It is quite likely that the trial justice

obtained a clear and adequate idea of such testimony, because he could observe the particular photograph being referred to by the examiner and the place thereon as pointed out by the witness in his actual testimony.

At the hearing before us plaintiff conceded that the testimony as transcribed was not as clear as it might be and that unless it was read and interpreted as understood by the trial justice at the time such testimony was given, our conclusion on the record as it came to us could be justified. However, he strongly urged that the view taken by us solely from the record was not based on the actual evidence as it was fully presented to the court below. On the showing made by plaintiff, we are of the opinion that while we cannot sustain the decision of the superior court nevertheless in the interest of justice we ought to give plaintiff's explanation some weight, at least to the extent of remitting the case to the superior court for a new trial.

However, to avoid a possible repetition of the present difficulty we suggest that, in using photographs in the examination of witnesses, care be observed in identifying for the record the particular photograph being used and in indicating precisely what the witness is testifying to therefrom. In this way there will be preserved for this court the full purport of the testimony which the examiner sought to develop by his use of each photograph in the course of the witness' examination. In other words, our suggestion is that the examiner always keep in mind the possibility that there may be a review of the case in this court solely on what the record shows unsupplemented by later explanation or interpretation of the evidence. If this is not done unfortunate results may follow in the consideration of the case here on an obscure and incomplete record of the evidence. See *Albro* v. *Matteson,* 64 R. I. 494.

The plaintiff having shown cause why judgment should not be entered for the defendant, the case is remitted to the superior court for a new trial.

*Remington, Thomas, Levy & Arnold, Earle B. Arnold,* for plaintiff.

*Walter Johnson, Martin Johnson,* for defendant.