[No. 31925.   Department Two.   June 19, 1952.]

I. O. NOPSON, *Appellant*, v. EUGENE R. WOCKNER *et al.*,
*Respondents.*[1]

*Knapp & Powers,* for appellant.

*Pomeroy, Yothers, Luckerath & Harris,* for respondents.

OLSON, J.—The issue in this appeal is whether or not the trial court correctly applied the doctrine of *res ipsa loquitur.*

Plaintiff's action was based upon allegations that defendants negligently caused his automobile to be damaged by fire while it was in their exclusive possession.

The trial court found that plaintiff delivered his automobile to the defendants for a two-thousand-mile service, and to have the rear floor mat cemented to the floor; that

[1]Reported in 245 P. (2d) 1022.

defendants used a product universally used for this purpose, known as 3M cement; that this cement is inflammable in character, although it is not customary or usual for it to explode or ignite while being applied; that the defendants were applying it in the usual and customary manner employed throughout the automobile industry, when a fire started, damaging plaintiff's automobile. The court concluded that the defendants exercised reasonable care in performing this work and were not negligent in any regard. It entered judgment dismissing plaintiff's action.

In his appeal from that judgment, plaintiff's argument is confined solely to his contention that the doctrine of *res ipsa loquitur* compels his recovery.

When plaintiff's evidence established that an instrumentality under the exclusive control of the defendants caused an injurious occurrence, which ordinarily does not happen if those in control of the instrumentality use ordinary care, the court gave effect to the inference, permissible from the occurrence itself, that it was caused by defendants' want of care. *Shay v. Parkhurst*, 38 Wn. (2d) 341, 344, 229 P. (2d) 510 (1951), and cases cited. At the conclusion of plaintiff's case, the court overruled a demurrer to the evidence and denied a motion for nonsuit, despite the absence of proof of any specific act of negligence of the defendants which caused the damage. The defendants then went forward with the evidence and described the nature of the material used and the manner in which the work was done.

At the conclusion of the evidence, the court decided upon the whole case that the plaintiff had not sustained the burden of proof, that is, that the evidence did not preponderate in plaintiff's favor upon the issue of the defendants' negligence, and dismissed the case.

Without the aid of the doctrine, plaintiff would not have survived a motion for nonsuit at the conclusion of his case. If applied as he contends, it would require defendants to produce evidence explaining the accident or pay. Such an obligation might impose strict liability without

fault.   Prosser on Torts 305, § 44.   Here fault, negligence of the defendants, is the basis for recovery.   All that the doctrine requires of the defendants to defeat the *prima facie* case established against them with its aid, is the production of evidence which, if believed, permits the trier of the facts to say that it was as probable that they were not negligent as that they were.   The permissible inference of negligence to be drawn from the circumstances of the case must be balanced against the evidence of the defendants, and has weight so long as reasonable men can still draw the inference from the facts in evidence.   Prosser on Torts 308, § 44.   The strength of the inference to be drawn varies with the circumstances of the case.   *Id.* 304.   For a discussion of Washington cases on the doctrine see *Morner v. Union Pac. R. Co.,* 31 Wn. (2d) 282, 196 P. (2d) 744 (1948); *Nopson v. Seattle,* 33 Wn. (2d) 772, 207 P. (2d) 674 (1949), including Judge Hill's dissenting opinion, p. 793, and 13 Wash. L. Rev. 215, 27 Wash. L. Rev. 147.

■   The doctrine was correctly applied in this case. If, on the whole case, the trier of the facts cannot conclude, as he could not here, that the evidence preponderates in favor of the plaintiff, recovery cannot be allowed.   *D'Amico v. Conguista,* 24 Wn. (2d) 674, 684, 167 P. (2d) 157 (1946).

In view of this conclusion, it is unnecessary for us to consider the defendants' contention that they are not liable, in any event, because of the relationship of bailor and bailee which they contend exists between plaintiff and defendants.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.