Howard T. Hogan, J.
This is a motion pursuant to rule 109 of the Buies of Civil Practice to strike out the answer and counterclaim upon the grounds they are insufficient as a matter of law.
The facts in brief are as follows: On September 24, 1959, plaintiff was operating his 1956 Chevrolet (in the rural area of Suffolk County) along Sag Harbor Turnpike, Bridgehampton, New York. At the place where the accident occurred the speed limit was fixed at 35 miles per hour and plainly marked. On said date and for some time prior thereto, the defendant, a resident of said county engaged in farming, was the owner of a certain brood sow which at the said time and place weighed approximately 300 pounds and was pregnant. She was one of a herd of 90 swine owned by the defendant which the latter maintained in an enclosed pen or pasture five acres in area. The enclosure consisted of a galvanized wire fence which defendant *293 had installed one foot below ground level and which, he alleges he kept in good repair. It appears that on the date aforesaid, despite the diligent efforts of the defendant to contain the herd within the pasture or pen, this sow escaped from her confinement by swimming under a portion of the fence which had been erected over and through a small pond and by this wholly unforeseeable subterranean feat and in this extraordinary manner she did manage to achieve a short-lived freedom. Having reached adjoining land she perambulated to the highway in search, no doubt, of adventure, leaving behind the remaining happy herd, hip high in mud. It was while she was thus strolling along the highway in her delicate condition that the plaintiff’s automobile did violently collide with and strike said sow, hurtling her through the air some 20 feet to an untimely demise.
The defendant contends that the plaintiff operated his auto carelessly, recklessly and at an excessive rate of speed unmindful of the £ 1 normal and frequent erratic peregrinations of wild and domestic animals ’ ’ common in this place and area and was thereby negligent in striking and killing his pig for which he seeks recovery on his counterclaim for the value of the sow.
Plaintiff contends that permitting the deceased upon the highway unattended was prima facie evidence of negligence on the part of the defendant owner. In sum, that the plaintiff had a legal right to be upon the highway but the pig did not. This is not quite so. While the law gives to operators of motor vehicles the right to be upon the public highways, in so doing it docs not preclude pigs from a like enjoyment of the public way and under certain circumstances.
There are many situations where the hypothetical reasonable man could be expected to anticipate and guard against the conduct of others. Normal experience has given us knowledge of the habits and traits of common animals and the proclivities of pigs in rural areas. While an owner of a domestic animal is chargeable with knowledge of its propensities and must take precaution to prevent it from causing harm or damage to others, it becomes a question of fact herein whether this sow’s actions were such that a reasonably prudent owner might anticipate her subterranean feat and subsequent stroll along the highways. Too, there is a question of the plaintiff’s negligence to be determined. Did he act as a reasonably prudent driver would have acted under the circumstances 1 Generally, an owner of a domestic animal is not liable for damage done by the animal on a highway in the absence of negligence. (Hyland v. Harvey, 286 App. Div. 1137.)
*294 Here, if the owner of the pig had it in an enclosed area, and if the fence or barriers were reasonably adequate to restrain the animals, and if there were no notice of the animal straying from the enclosure onto the highway there would not appear to be any negligence.
Accordingly, the motion is denied. The cause is entitled to be heard and decided upon the merits.