[No. 35167. Department Two. October 6, 1960.]

TOMMY E. BURBACK *et al., Appellants,* v. WERNER BUCHER
*et al., Respondents.*[1]

[1]Reported in 355 P. (2d) 981.

*Weyer, Roderick, Schroeter & Sterne,* for appellants.

*William J. Madden* and *Bayley, Fite, Westberg & Madden,* for respondents.

ROSELLINI, J.—The appellant Tommy E. Burback (hereafter called the appellant) was injured when an automobile in which he was a passenger collided with a herd of cattle on primary state highway No. 5, just outside the city limits of Renton. He brought this suit against the owners of the herd.

The rights and duties of the respondents are set forth in RCW 16.24.070, which provides:

"It shall be unlawful for any person to cause or permit any livestock to graze or stray upon any portion of the right-of-way of any public highway of this state, within any stock restricted area. It shall be unlawful for any person to herd or move any livestock over, along or across the right-of-way of any public highway, or portion thereof, within any stock restricted area, without having in attendance a sufficient number of persons to control the movement of such livestock and to warn or otherwise protect vehicles traveling upon such public highway from any danger by reason of such livestock being herded or moved thereon. . . ."

The jury, which was instructed in accordance with this provision, returned a verdict in favor of the respondents.

■ Assignments of error are placed in three groups for argument. The first group has as its premise the proposition that the court should have granted the appellant's motion for summary judgment before the trial. The granting of such a motion is proper only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and no genuine issue remains for trial. It is not the purpose of the rule to cut litigants off from their right of trial by jury if they really have issues to try. *Capitol Hill Methodist Church v. Seattle,* 52 Wn. (2d) 359, 324 P. (2d) 1113.

■ The appellant in his brief does not designate the admissions or undisputed facts upon which he predicates his contention that there existed at the time of the hearing on the motion for summary judgment no material issue of fact, but simply refers to the transcript and states that his reasons are set forth therein. This is not sufficient to bring them before the court for its consideration. Rule 42 (1) (f) on Appeal, RCW Vol. 0, provides that each error relied upon shall be clearly pointed out and discussed under appropriately designated headings in the brief; and rule 42 (3) (d) provides that the brief shall contain the argument of appellant.

 Aside from that fact, it is apparent from the briefs and the record that there have been material issues of fact throughout the proceedings in this case. It was for the jury to decide whether the respondents were guilty of negligence and whether any negligence of theirs was a proximate cause of the accident. The appellant points to no admission of the respondents, in the pleadings or otherwise, which would determine either of these issues in his favor.

 Much of his contention is based on the premise that the respondents were required, as a matter of law, to place cattle-crossing signs on the highway whenever they were herding their cattle across it, and had admitted that they did not do so in this instance. If there were such a requirement, there would still remain for the jury the question of whether the failure to place such signs was a proximate cause of the accident. However, we do not agree with the appellant's premise. It is based upon his theory that a permit which was issued to the respondents, at their request, by the highway department in 1949, required them to place such signs upon the highway. The permit gave them permission to place signs upon the highway provided they took certain designated precautions. This permit does not purport to impose upon the respondents a positive duty to use the signs, but simply states the conditions under which they may be used. According to the evidence, the signs were used only during daylight herding and were considered inadequate at night, when red lanterns and flashlights were used.

There has been brought to our attention no statute which places upon the highway department the duty, or gives it the authority, to promulgate regulations governing the use of the highways for the herding of cattle. The appellant cites statutes pertaining to the placing of obstructions along the highways, but these do not provide for the regulation of livestock herding where no stationary obstructions are used. If the permit were open to the construction placed upon it by the appellant, it would not be effective to define the duty of the respondents, which has been clearly set forth in the quoted statute.

■ The appellant urges that the court erred in refusing to hold that the respondents' cattle upon the road constituted a nuisance, as defined by RCW 7.48.010, .020, and .140. Each of these definitions pertains to an unlawful act, omission, or condition.

The owners of cattle have a fundamental and historic right to the use of the highways. The legislature has limited that right, as reflected in RCW 16.24.065 and .070. If in the exercise of these rights another user of the highways is injured, the injured party has a complete remedy under the law of negligence. To have injected the theory of nuisance would have been error.

■ The appellant earnestly maintains that the negligence of the respondents' employees was established as a matter of law, but we do not find this contention to be supported by the record. The appellant and his companions in the car denied that the vehicle was speeding, and asserted that each was looking straight ahead and did not see the respondents' herdsman or the cattle until they were within fifty feet of the herd, even though they also testified that they could see at least one hundred fifty feet ahead.

The respondents' herdsman who was following the herd, however, testified that he observed the automobile coming a mile away and waved his red lantern and flashlight frantically until it was almost upon him, shouted at the driver, and jumped out of the way only at the last minute to avoid injury to himself. He also testified that the vehicle did not slacken speed before it hit the animals. Seven head of cattle were either injured or killed. The automobile was badly damaged and the appellant severely injured.

Witnesses who heard the approaching automobile testified to their impressions that it was proceeding at a high speed, and one witness heard the herdsman shouting. The driver, William Gardner, and his companions testified that the windshield wipers were working as it was raining at the time. No witness maintained that the visibility was less than one hundred fifty feet.

Upon this evidence, the jury was entitled to find that the herdsman did all that reasonable care required to warn

the driver of the approaching vehicle, and that the accident was caused by his inattention. The jury was not bound to believe his denial that he was inattentive; but if it found the testimony of the respondents credible, it was bound to disbelieve him. We find no merit in the appellant's contention that liability was established as a matter of law either prior to or during the trial.

The appellant next complains of certain matters occurring during the trial. The first of his contentions in this category is that the court erred in permitting the respondents' attorney to question the appellant about his movements and activities on the evening in question. It is his position that the issue of contributory negligence should have been removed from the case by summary judgment, apparently on the theory that the respondent had been unable to establish such negligence before the trial. The only argument we can find in the brief on this point is a very broad contention that since the appellant and Gardner, the operator of the vehicle in which he was a passenger, both denied by deposition that Gardner was intoxicated or was speeding, there could be no evidence of negligence of the driver which the jury could consider. We know of no authority for this theory.

Until all of the evidence was in, the court was unable to determine that the evidence of contributory negligence was insufficient to go to the jury. Having made this determination, the court protected the appellant's rights by instructing the jury that negligence, if any, on the part of the driver of the automobile was not imputable to the appellant and would not bar his recovery for injuries received as a result of the negligence of the respondents.

The next contention is that the court erred in allowing the respondents to recall the appellant at the conclusion of the case to inquire solely as to criminal convictions. The appellant admits that it is within the discretion of the court to permit the recalling of an adverse party for the purpose of impeachment, but contends that the court abused its discretion in allowing the questioning on this subject just before the case went to the jury. The

record shows that the respondents had attempted to elicit the information earlier but had been prevented from so doing by the strenuous objections of the appellant's counsel, as a result of which the judge postponed a ruling on the matter until he could read the appellant's authorities. The delay was not the fault of the respondents, and we find no abuse of discretion in allowing the questions after the court had determined that they were proper.

█ There is an allegation of misconduct on the part of respondents' counsel, but the specific misconduct is not pointed out. No complaint was made of it to the trial court. Misconduct of counsel cannot be urged in the supreme court unless the trial court was asked to correct it and to properly instruct the jury concerning the same, followed by exception to the court's refusal to do so. *Rung v. Radke,* 44 Wn. (2d) 590, 269 P. (2d) 584.

█ It is also suggested that the jury was guilty of misconduct, since it returned a verdict for the respondents after deliberating only forty minutes. We cannot say that the issues in this case were so complicated that they could not be decided within forty minutes; and the fact that the jury accepted the evidence of the respondents does not show passion or prejudice. *Independent Order of Foresters v. Bonner,* 84 Wash. 13, 145 Pac. 987.

In the respondents' final category, error is assigned to the giving of a number of instructions. All of these correctly state the law, and it would serve no useful purpose to prolong this opinion by setting them forth. Also, the substance of requested instructions, to the refusal of which error is assigned, was adequately covered by the instructions given.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.

----

December 5, 1960. Petition for rehearing denied.