ELIZABETH VACLAVICEK, BRUCE VACLAVICEK, AN IN-
FANT BY HIS GUARDIAN *AD LITEM*, WILLIAM VA-
CLAVICEK, AND WILLIAM VACLAVICEK, INDIVID-
UALLY, PLAINTIFFS-APPELLANTS, v. JOHN OLEJARZ,
INDIVIDUALLY AND T/A STARDUST RANCH, DEFEND-
ANT-RESPONDENT.

Argued November 6, 1972—Decided December 4, 1972.

582

*Mr. Nathaniel H. Roth* argued the cause for appellants.

*Mr. Alan D. Kirby* argued the cause for respondent (*Mr. Robert A. Lederer,* attorney).

PER CURIAM. Plaintiffs sued for damages suffered when an unattended horse owned by defendant collided with an automobile in which plaintiffs were riding. The jury found for defendant, and the Appellate Division affirmed in an unreported opinion. We granted certification. 60 *N. J.* 510 (1972).

Defendant's farm abuts a highway on which the speed limit is 50 m.p.h. He trains quarter horses as a hobby. On the evening in question he placed two horses in a corral so

that he might clean their stalls in the barn. Defendant himself built the corral, erecting a fence made of wooden posts and boards with some strands of barbed wire. For reasons unknown, the horses broke through the fence. They raced onto the highway, veering toward plaintiffs' car. The headlights picked up one onrushing animal, which the driver managed to avoid, but the second horse jumped into the windshield, causing the damages and injuries complained of. The second horse, a three-year-old stud, had been acquired by defendant about three weeks before the accident.

There was no evidence that either horse had shown a propensity for the conduct here involved, but defendant stated candidly that "Anything can spook an animal at any time" and especially at night. We note the horses had not been exercised that day.

We granted certification to consider whether in the present-day scene the owner of a horse should be liable without fault for damage done by the animal when unattended on a public highway. We are not persuaded to depart from the general rule which bases liability in such circumstances upon negligence. See annotation, 59 *A. L. R.* 2d 1328 (1958). But we are satisfied that the jury's verdict was against the weight of the evidence in the present record and that justice requires a new trial.

Defendant acknowledged that the behavior of horses was not predictable and that anything could "spook" a horse, particularly in the dark. The danger to motorists on the highway close by was of course evident, especially at night when visibility is impaired and bright lights could themselves evoke erratic responses from a horse.

Defendant had a duty to exercise due care, commensurate with the risk, to prevent the horses from escaping to the highway. Here he relied upon a fence. Although defendant's duty to contain the horses was not absolute, nonetheless the fence had to be reasonably suitable for the intended role. There was no evidence that defendant reasonably believed his horses could not break through when excited by some

phenomenon. It is essentially because of this gap in defendant's explanation that we find the verdict to be against the weight of the evidence.

█ █ In the circumstances of this case, the instruction to the jury should not be solely in the abstract principles of negligence. It can be made more precise. It should include the positive propositions that defendant owed a duty to exercise due care to prevent the horses from entering unattended upon the highway, and this even though neither horse had theretofore done so; that the presence of the horses unattended on the highway would justify an inference by the jury that defendant was negligent, see *Dennery v. Greal A. & P. Tea Co.,* 82 *N. J. L.* 517 (E. & A. 1911); *Kokoll v. Brohm & Buhl Lumber,* 77 *N. J. L.* 169 (Sup. Ct. 1908); *Francois v. Hanff,* 77 *N. J. L.* 364 (Sup. Ct. 1909); and that if the fencing of a corral is relied upon to contain a horse, the fencing must be shown to have been one that a reasonable man would believe to be adequate to that end.

The judgment is reversed and the matter remanded for retrial in accordance with this opinion.

*For reversal*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN, and Judges CONFORD and SULLIVAN— 6.

*For affirmance*—None.