[No. 1728-3.    Division Three.    December 15, 1976.]

STEVEN L. BRAUNER, *Appellant*, v. HOWARD PETERSON, ET AL, *Respondents.*

*C. Raymond Eberle* and *Wolff & Eberle,* for appellant.

*William W. Goss* and *Turner, Stoeve, Gagliardi & Kennedy,* for respondent.

GREEN, J.—Plaintiff, Steven L. Brauner, appeals a judgment of dismissal.

The findings of fact, which are unchallenged and must be accepted as verities, disclose: In the early evening of November 16, 1974, plaintiff was driving east on State Highway 904 approximately 1 mile west of its intersection with Four Lakes Road in Spokane County when he struck defendants' Black Angus cow that had strayed onto the highway.

Plaintiff produced no evidence as to how the cow strayed

from defendants' property. Plaintiff produced no competent evidence as to whether the area in which the accident occurred was a stock-restricted area.[1]

At the close of plaintiff's case, defendants moved for a nonsuit. The trial court denied the motion. Defendants then rested without producing any evidence. The court found for the defendants and dismissed plaintiff's action.

Plaintiff's only assignment of error relates to conclusion of law 4 which provides:

> There is not sufficient evidence to establish that the defendants Howard Peterson and Jane Doe Peterson were negligent in allowing their Black Angus cow to be on State Highway No. 904, at the time of the accident.

Plaintiff concedes that RCW 16.24.010-.065 does not apply to the instant case but contends that the trial court erred for three reasons: (1) The common law concerning the unexplained presence of livestock on a public highway at night creates a permissible inference that the owner was negligent; *Vaclavicek v. Olejarz*, 61 N.J. 581, 297 A.2d 3 (1972); *Wright v. Shedd*, 122 Vt. 475, 177 A.2d 240 (1962); *Ritchie v. Schaefer*, 254 Iowa 1107, 120 N.W.2d 444 (1963); (2) the rule of res ipsa loquitur allows the trier of fact to infer from the presence of the cow on the highway the defendants' negligence absent evidence to the contrary; *O'Connor v. Black*, 80 Idaho 96, 326 P.2d 376, 378 (1958); *Round v. Burns*, 77 R.I. 135, 74 A.2d 861, 863, 20 A.L.R.2d 1048 (1950); *Nuclear Corp. of America v. Lang*, 480 F.2d 990, 993 (8th Cir. 1973); *Mercer v. Byrons*, 200 F.2d 284, 286 (1st Cir. 1952); and (3) the cow obstructed the highway in violation of RCW 47.32.130(1) which raises a presumption of defendants' negligence. We disagree.

Of the three cases relied upon by plaintiff to support his first contention, *Wright v. Shedd, supra,* and *Rit-*

---

[1] At the time of the accident, Spokane County was organized into townships. In 1924, at the annual meeting, the Four Lakes township supervisors passed a motion making the herd law, RCW 16.24.010-.065, applicable to the township. The trial court concluded that the minutes of the motion's passage were insufficient to resolve whether the area in which the accident occurred was stock restricted.

*chie v. Schaefer, supra,* are clearly distinguishable on their facts from the present case and *Vaclavicek v. Olejarz, supra,* represents a minority position. At common law, the owner of domestic animals is under no legal obligation to restrain them from being loose or unattended on a highway absent a statute to the contrary. *Pennyan v. Alexander,* 229 Miss. 704, 91 So. 2d 728, 59 A.L.R.2d 1321 (1957); *Hinkle v. Siltamaki,* 361 P.2d 37 (Wy. 1961); *Alioto v. Denisiuk,* 23 Misc. 2d 292, 205 N.Y.S.2d 570 (1960); *Wilson v. Rule,* 169 Kan. 296, 219 P.2d 690 (1950); *cf., Green v. Biles-Coleman Lumber Co.,* 58 Wn.2d 307, 308, 362 P.2d 593 (1961); *Burback v. Bucher,* 56 Wn.2d 875, 879, 355 P.2d 981 (1960). While this may be an archaic rule in light of modern vehicular transportation, the proper forum for reevaluation is the legislature.

With regard to res ipsa loquitur, the presence of an animal at large on the highway is not sufficient to warrant application of the rule, *i.e.,* the event must be of a kind not ordinarily occurring in the absence of someone's negligence. A cow can readily escape from perfectly adequate confines. *See Wilson v. Rule, supra.* Thus, the first of the three elements essential[2] for application of res ipsa loquitur is not present. Notwithstanding, res ipsa loquitur only permits an inference of negligence so as to get the plaintiff past a nonsuit. *See Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959); 5 Meisenholder, Wash. Prac. § 565, at 531-32 (1965). The trier of fact is under no obligation to draw the permissible inference. *Nopson v. Wockner,* 40 Wn.2d 645, 245 P.2d 1022 (1952). In this case, the court, after defendants rested without producing any evidence, refused to draw the inference in the absence of evidence that defendants' fence, gate, or enclosure was in disrepair, or that

---

[2]"(1) [T]he event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." W. Prosser, *The Law of Torts* 214 (4th ed. 1971).

**534**

defendants had knowledge that their cows were loose on the highway.

With regard to the use of RCW 47.32.130(1)[3] (*i.e.*, a nuisance theory) to create a permissible inference of defendants' negligence when their animal is unattended on the highway, the plaintiff has not supported this theory with any probative authority. A contention unsupported by authority need not be considered unless the alleged error is readily apparent. We find no apparent error. In fact, the use of an analogous nuisance theory in a similar situation was rejected in *Burback v. Bucher, supra* at 879.

Judgment affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

---

[3]"Whenever there shall exist upon the right of way of any state highway or off the right of way thereof in sufficiently close proximity thereto, any structure, device or natural or artificial thing which threatens or endangers such state highway or portion thereof, or which tends to endanger persons traveling thereon, or obstructs or tends to obstruct or constitutes a hazard to vehicles or persons traveling thereon, such structure, device or natural or artificial thing is hereby declared to be a public nuisance and the highway commission is empowered to take such action as may be necessary to effect the abatement of the same. Any such structure, device or natural or artificial thing considered by the highway commission to be immediately or eminently dangerous to travel upon a state highway may be forthwith removed and such removal shall in no event constitute a breach of the peace or trespass."