**Minnie WALTON et al.**

v.

**James C. BAIRD et al.**

**No. 79–224–Appeal.**

Supreme Court of Rhode Island.

Aug. 21, 1981.

Anderson, Henning & Anderson, Paul A. Anderson, Carol A. Zangari for crossclaimant-appellant.

Law Offices of Hugh L. Moore, Jr., Kevin M. Cain, Providence, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal by James C. Baird (Baird) from a judgment entered in the Superior Court denying recovery on his cross-claim against Willie D. Jackson (Jackson) for the killing of Baird's horse as a result of a collision between the horse and Jackson's motor vehicle on October 16, 1973.[1] On the night of the accident, in some unexplained manner, two horses owned by Baird escaped from their enclosure and wandered onto Route 101 near its intersection with Route 94 in the town of Foster. The horse that is the subject of this action was standing in the westbound lane of travel when the Jackson automobile struck the animal, shattering its legs and causing it to crash through the convertible top of the automobile. As a result of those injuries, the horse had to be shot in order to prevent further suffering. After hearing testimony given by Baird and by Robert Olson, an eyewitness to the accident, the trial justice, in a comprehensive review of the evidence, found that the proximate cause of the accident was the failure of Baird properly to secure the animal's corral. He further found that "the mere presence of a horse going loose and unattended on the highway is * * * prima facie evidence of the negligence of the owner, to wit, Mr. Baird, * * * which was not rebutted * *." He specifically found that defendant Jackson was not guilty of any negligence that was the proximate cause of the injuries. We affirm.

■ In his brief and at oral argument, Baird attacks the findings of the trial justice as inconsistent with uncontradicted and unimpeached testimony. However, the trial justice in this case specifically found that Baird and Olson were not entirely credible as witnesses. He pointed out that, in his opinion, Baird "flavored his testimony" in order to "achieve the result * * * sought in

his cross complaint." The trial justice also found that Mr. Olson's apparently vivid recollections of the details of the accident were inconsistent with his inability to remember other details with which he should have been equally conversant. The task of determining the credibility of witnesses is peculiarly the function of the trial justice when sitting without a jury. *Kem Manufacturing Corp. v. Howland*, R.I., 401 A.2d 1284 (1979); *Raheb v. Lemenski*, 115 R.I. 576, 350 A.2d 397 (1976). It is also the province of the trial justice as a part of the factfinding process to draw inferences from the testimony of witnesses, and such inferences, if reasonable, are entitled on review to the same weight as his other factual determinations. *Rhode Island Hospital Trust National Bank v. Israel*, R.I., 377 A.2d 341, 345 (1977). In this instance the trial justice analyzed Mr. Olson's testimony concerning the visibility of the horse, the time frame within which Olson saw the Jackson vehicle approach, and the alleged speed of the Jackson vehicle. From this testimony the trial justice drew the inference that Jackson had only seconds in which to react to the sudden emergency.

■ To these facts as found, the trial justice applied principles of law derived from the case of *Round v. Burns*, 77 R.I. 135, 74 A.2d 861 (1950). In that case, which involved the striking of a cow by a motor vehicle on a public highway, the court applied a principle that had been enunciated in *Fallon v. O'Brien*, 12 R.I. 518 (1880). This principle is most applicable to the case at bar.

"[O]rdinarily the mere presence of a horse going loose and unattended on the highway is prima facie evidence of the negligence of the owner unless he rebuts it. That case [*Fallon v. O'Brien*] was decided many years ago when the speed and volume of highway traffic was not to be compared with what it is today on a

---

1. Originally this action was brought by Minnie Walton, Joslyn Chance, and Amelia Davis, passengers in the Jackson automobile, against James C. Baird and Willie D. Jackson as codefendants. Thereafter, Mr. Baird brought a cross-claim against Mr. Jackson for loss of the value of his horse. The plaintiffs' complaints were all disposed of by settlement prior to the trial on this cross-claim. Consequently, they have no interest or participation in this appeal.

modern four-lane highway such as the one which is involved in the case at bar." *Round v. Burns*, 77 R.I. at 139, 74 A.2d at 863.

The court went on to hold that the sudden emergence of an animal on the highway constituted the proximate cause of the accident and that the motorist was under no duty to guard against it. This general doctrine becomes even more persuasive in the light of present-day realities. Both the volume of automobile traffic and the speed of vehicles have significantly increased since 1950. In the light of this doctrine, the trial justice found that the unanticipated emergency created by a large animal suddenly confronting a driver on a public highway was not a foreseeable event against which reasonable prudence would serve as an effective shield. In sum, he found that the failure of the driver to avoid colliding with the horse did not constitute negligence.

We have consistently held that the findings of a trial justice sitting without a jury will not be disturbed on appeal unless the trial justice was clearly wrong or has overlooked or misconceived material evidence. *Kem Manufacturing Corp. v. Howland, supra; Gim v. Jan Chin, Inc.*, 117 R.I. 39, 362 A.2d 143 (1976); *Raheb v. Lemenski, supra.*

A review of the record in the present case discloses that the trial justice did not overlook or misconceive any material evidence, that he carefully reviewed all of the testimony, and that he drew reasonable inferences therefrom. Consequently, we cannot say that his findings of fact were clearly wrong. He was correct in the application of the pertinent principles of law to the facts as he found those facts to be.

For the foregoing reasons, Baird's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in the case are hereby remanded to the Superior Court.