**Joanne McBURNEY**

v.

**Kevin McBURNEY.**

**No. 95–73–Appeal.**

Supreme Court of Rhode Island.

May 15, 1997.

H. Robert Beecher, Providence.

Kevin McBurney, Pro Se.

### ORDER

This case came before the court for oral argument May 8, 1997, pursuant to an order that had directed the defendant, Kevin McBurney, to appear in order to show cause why the issues raised by his appeal should not be summarily decided. The defendant appeared pro se for oral argument. The plaintiff did not appear. After hearing the argument of defendant and examining his memorandum, we are of the opinion that cause has not been shown and that his appeal should be decided at this time.

On September 21, 1994, while divorce proceedings between the parties were pending, plaintiff filed a complaint in Family Court for protection from abuse pursuant to G.L. 1956 § 15–15–1 et seq. On October 12, 1994, a hearing was held before the General Master of the Family Court. At that hearing plaintiff testified that on September 20, 1994, defendant had taken her Rolodex file and two word processors from her house without her

permission. When she telephoned him and asked him to return these items, he became angry and said to her, "We are going to war this time and there will be bloodshed and it won't be mine." She also testified about an earlier telephone call in which defendant had said to her he now knew why O.J. Simpson had killed his ex-wife.

The defendant admitted taking plaintiff's Rolodex, but he denied taking the word processors. He also denied threatening plaintiff and he specifically denied making any references to bloodshed or O.J. Simpson. He also claimed that plaintiff had fabricated her allegations because she wanted retaliation for a separate incident involving defendant and her current boyfriend.

The Family Court master reviewed the evidence and concluded that plaintiff was entitled to a restraining order. That restraining order was filed on October 12, 1994, and was to remain in full force and effect until October 11, 1995. The defendant filed his appeal on October 24, 1994.

The defendant challenges the master's findings, claiming that there was insufficient evidence to support the issuance of a restraining order. The defendant also challenges an order entered by a judge of the Family Court in the underlying divorce action which vacated an improperly filed decision pending entry of final judgment in that case. That order was entered December 19, 1994. As to this second argument, we note that defendant never filed a notice of appeal from the entry of that order; therefore, it is not properly before this court, and we shall not address it. In respect to defendant's appeal from the issuance of the restraining order, we note that the order has expired, and, therefore, this appeal is moot. It is, of course, the general rule that "we only consider cases involving issues in dispute; we shall not address moot, abstract, academic or hypothetical questions." *In re Paula G.,* 672 A.2d 872, 874 (R.I.1996) (quoting *Morris v. D'Amario,* 416 A.2d 137, 139 (R.I.1980)). Even if this matter were not moot, the factual findings of a trial judge sitting without a jury are entitled to great weight and will not be disturbed absent a finding that the judge misconceived or overlooked material evidence

or was otherwise clearly wrong. *Laverty v. Pearlman,* 654 A.2d 696, 704–05 (R.I.1995); *Cerilli v. Newport Offshore, Ltd.,* 612 A.2d 35, 39 (R.I.1992). Moreover, many of the master's findings were based on an assessment of the credibility of the parties. It is axiomatic that a trial judge is in the best position to determine credibility. See *Walton v. Baird,* 433 A.2d 963, 964 (R.I.1981). The defendant has not persuaded us that the master's findings were wrong.

Consequently, the defendant's appeal is denied and dismissed. The entry of a restraining order against the defendant (now expired) is affirmed.