7961

KIRBY v. MATHIS.

1. NONSUIT.—If incompetent testimony is received without objection, it cannot be disregarded on motion for nonsuit. There being such evidence in this case tending to show plaintiff was owner of the crops destroyed, nonsuit, moved on ground that the crops belonged to another, properly refused.

2. DAMAGES—CATTLE.—One owning or managing cattle is liable in damages to another for permitting the cattle to get beyond his premises and injuring the crops of his neighbor.
   *Sections 1497 and 1498 of Code of 1902 construed.*

Before SHIPP, J., Spartanburg, May term, 1910. Affirmed.

Action by John B. Kirby against Jerry Mathis.   Defendant appeals.

*Messrs. Bomar & Osborne,* for appellant, cite: *Cattle required to be fenced in:* 133 U. S. 320; Strob. 173; 10 Rich. 227; 2 Stat. 81; 6 Stat. 331; 16 Stat. 689; Code 1902, 1498.

*Messrs. Johnson & Nash,* contra, cite: *One who cares for cattle is liable for damages done by them as well as the owner:* 2 Cyc. 215, 323; 4 L. R. A. 840; 2 Black Com. 209-11.

July 8, 1911.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages, in which the complaint alleges: That during the years of 1906 and 1907, the defendant controlled a pasture, in which he kept a number of cows and other animals.

That during the spring of those years, the defendant carelessly and negligently, allowed the animals in his pasture, constantly to break out and trespass, upon the plaintiff's field of oats, which they destroyed to the extent therein mentioned.

The plaintiff also alleged a second cause of action, for damages to the land, but this was withdrawn.

The jury rendered a verdict in favor of the plaintiff, for one hundred and forty dollars, and the defendant appealed upon exceptions, the first of which is as follows:

"Because, it is respectfully submitted, his Honor, the presiding Judge, committed error of law, in not sustaining the motion for nonsuit and the subsequent motion for a new trial, based upon the ground, that plaintiff cannot maintain this action in his individual capacity, since the evidence shows that the land and the crops thereon, alleged to have been damaged, do not

belong to plaintiff, but are the property of his imbecile sister."

The plaintiff testified as follows: "Whose crop was that? That was my crop. Anybody have any interest in that crop but you? Nobody but me. How about the crop the year before? That was mine too. Anybody have any interest in that, but you? Nobody."

Testimony was also elicited on cross-examination of the plaintiff by the defendant's attorney, tending to show that the plaintiff, was the owner of the crops. If testimony is received, without objection, which would otherwise be incompetent, it becomes competent, and cannot be disregarded upon a motion for nonsuit, but its sufficiency must be left to the jury. *Latimer* v. *Trowbridge,* 52 S. C. 193, 29 S. E. 634; *Ashe* v. *Ry.,* 65 S. C. 134, 43 S. E. 393.

"His Honor allowed the defendants, to introduce testimony to that effect. He did not change his ruling, or strike out such testimony. Therefore, in determining whether there was error, in directing a verdict, the testimony which he ruled to be competent, must be taken into consideration." *Holliday* v. *Pegram,* 89 S. C. 73.

This exception is overruled.

The second exception is as follows: "Because, it is respectfully submitted, his Honor erred further in not granting the motion for nonsuit, and the subsequent motion for new trial, based upon the ground that plaintiff cannot recover, because his action is not brought under the statute law of this State, which changed the common law and prescribed a remedy which, it is respectfully submitted, is the exclusive remedy for damages, caused by trespassing cattle."

Section 1479 of the Code of Laws, contains this provision: "It shall not be lawful, for the owner or manager of any cattle * * * or any other person, to permit the said animals * * * to run at large, beyond the limits of his

own land, or the lands leased, occupied, or controlled by him."

Section 1498 is as follows: "Whenever any of said stock, or animals, shall be found upon the lands of any other person, than the owner or manager of the same, the owner of such trespassing stock, shall be liable for all damages sustained, and for the expenses of the seizure and maintenance; the said damages and expenses to be recovered, when necessary, by action in any court of competent jurisdiction; and the said trespassing stock, shall be held liable for the same, in preference of all other liens, claims or encumbrances upon it." There are several other sections, but we do not deem it necessary to set them out.

We will first construe section 1497 of the Code of Laws. When the statute was enacted, providing that it should be unlawful for the owner or manager of any cattle, to permit them to run at large beyond the limits of his own land, or the lands leased, occupied or controlled by him, it thereby imposed upon the owner or manager, the duty of using due care to prevent the cattle owned or managed by them, from running at large. And, when another person sustains damages, as the direct and proximate result of failure, on the part of the owner or manager, to discharge such duty, the law, operating independently of the statute, when it fails to provide an adequate remedy for the injured party, renders the owner or manager liable in damages. We thus see, that on the one hand, the statute imposes a duty on the owner or manager, and, that correspondingly, when the statute fails to make proper provision for the party injured, the law, in order that they may not escape the consequences of their wrongful acts to others, renders them responsible for injuries inflicted by them.

We proceed to the consideration of section 1498. Unless there is some provision in this section, which exempts the owner or manager from the liability which is fixed upon them by law, for failure to discharge the statutory duty

imposed upon them by section 1497, then the ruling of his Honor, the presiding Judge, in this respect, was free from error.

Section 1498 was not intended to conflict, with the provision of section 1497, but to state more specifically, the rights and liabilities of the owner, when the stock is found trespassing, upon the lands of another person.

Section 1498 contains no provision, which by necessary implication can be construed as being in conflict, with section 1497.

Appeal dismissed.