16998

MARSHALL B. SWINDLER, Appellant, v. ALLEN PEAY,
Respondent

(87 S. E. (2d) 296)

*Messrs. Frank L. Taylor and Eugene F. Rogers,* of Columbia, *for Appellant,*

158

*Messrs. Roy A. Powell and Melton Kligman,* of Columbia, *for Respondent,*

May 10, 1955.

LEGGE, Justice.

On the night of November 4, 1953, respondent's truck, which he was driving on State Highway 555 in Richland county, struck and killed a cow belonging to appellant, who thereafter brought this action for damages, actual and punitive. The complaint charged that at the time of the collision respondent's truck was off the road, and that respondent was negligent and reckless in driving at an excessive rate of speed, in failing to keep a proper lookout, and in not having his vehicle under proper control. Respondent, answering, pleaded contributory negligence and recklessness on the part of appellant in allowing his cattle to run at large; he alleged that the accident was caused by the sudden appearance on the highway of two of appellant's cows, and that despite his efforts he was unable to avoid striking one of them; and he set up a counterclaim for personal injuries and for damage to his truck resulting from said collision, charging that such injuries and damage were caused by appellant's negligence and recklessness as aforesaid. The case was tried before the Honorable Legare Bates, Judge of the Richland County Court, and a jury, and resulted in a verdict in

favor of the respondent on his counterclaim, in the sum of $454.54. Counsel agree that there was sufficient evidence to support the verdict; and the only issues presented by this appeal pertain to the trial judge's charge to the jury, to wit:

1. Was it error to refuse to charge, as requested by appellant, that the operator of a motor vehicle is under a duty to use ordinary care to avoid injuring animals on the highways?

2. Was it error to refuse to charge, as requested by appellant, that an animal astray on a highway without negligence on the part of its owner is not an outlaw or trespasser, and that the operator of a motor vehicle owes the duty of due care to avoid injuring it?

3. Was it error, this being a civil case, to charge Section 6-311 of the Code, which is a statute criminal in nature?

In considering the first two of these questions, it is necessary for us to examine the general charge, for it is elementary that "it is not error for the court to refuse requests to charge, even when they contain correct and applicable statements of the law, if their substance is fairly covered in the instructions given." *Levesque v. Clearwater Mfg. Co.,* 209 S. C. 494, 41 S. E. (2d) 92, 95; *Little v. Atlantic Coast Line R. Co.,* 211 S. C. 492, 46 S. E. (2d) 59.

The general charge bearing on the questions now under consideration, was as follows:

"I am now going to read you several Statutes of the State of South Carolina, one of the Statutes relating to livestock running at large and the other Statutes relating to traffic, and when I read these Statutes to you I do not mean to intimate that either one of these parties have violated any of them. I am simply going to read them to you because I consider them applicable under the testimony that has been introduced in this case, and it is for you to take what I read to you as the law and make such application of the law to the facts that you heard from the witness stand.

First, with reference to domestic animals not to be permitted to run at large:

" 'It shall be unlawful for the owner or manager of any domestic animal of any description, willfully and negligently to permit any such animal to run at large beyond the limits of his own land, or the lands leased, occupied or controlled by him',

and it goes on to provide a penalty in case that is done. Now bear in mind it says: 'Willfully or negligently to allow' his animals to run at large, or upon the lands of another * * *.

"No person shall drive a vehicle on the highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, in compliance with legal requirements and the duty of all persons to use due care. Where no special hazard exists that requires a lower speed for compliance with what I have just read, the speed of any vehicle not in excess of the limit specified in this section, or established as hereinafter authorized, shall be lawful, but any speed in excess of the limit specified in this section, or established as hereinafter authorized, shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful'.

Fifty-five miles per hour in this particular zone is what the speed limit was.

" 'The driver of every vehicle shall, consistent with the requirements' of what I have just read to you, 'drive at an appropriate reduced speed when approaching and crossing an intersection, railroad grade crossing, approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic, or by reason of weather or highway conditions'.

" 'Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway'.

"Now, Mr. Foreman and Gentlemen of the Jury, all those things I read to you constitute the laws of the State of South Carolina, and the law says that where a person violates any statute on the Civil side of the Court, where we are today, that that is negligence in itself, and it may be some evidence of willfullness, but in order for one to avail himself of the benefit of that doctrine, to prove negligence he must do two things; first, he must prove to you from the witness stand that the statute was violated, and secondly, that the violation of the statute became a direct and proximate cause of the resulting damage. There would have to be a causal connection between the two. As a further illustration of that, suppose a person violated a State statute over here, on my left, and something happened over here on my right and there was no causal relationship between the two, that principle of course would not apply" * * *. "where an operator of a motor vehicle has killed a cow, it is not presumed, nor is it *prima facie* case that the operator was negligent, but that the liability of the operator of the vehicle for negligence should be tested and determined by the application of the rule of due care under the circumstances of the particular case."

In our opinion there was no error in the trial judge's refusal to charge in the form requested, because appellant's two propositions of law, which in essence are the same, were fairly covered in the portion of the general charge just quoted.

By his third exception, appellant contends that because Section 6-311 of the Code is criminal in nature, it was prejudicial error for the trial judge to charge it in this, a Civil case.

Section 6-311, reads as follows:

"It shall be unlawful for the owner or manager of any domestic animal of any description wilfully or negligently

to permit any such animal to run at large beyond the limits of his own land or the lands leased, occupied or controlled by him. Any owner, manager or person violating the provisions of this section shall be subject to a fine for each offense of not more than twenty-five dollars or to imprisonment for not more than twenty-five days."

As will be seen from the portion of the general charge before mentioned, the trial judge read to the jury only the first sentence of this section of the code, making no reference to the remainder other than to say that it provided a penalty. There is no merit in this exception. The rule that the violation of a statute is negligence *per se* is, by its very nature, especially applicable to statutes imposing upon persons specific duties for the protection of others, and consequently penal in character. 38 Am. Jur., Negligence, par. 158, p. 827. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010. *Ford v. Atlantic Coast Line R. Co.,* 169 S. C. 41, 168 S. E. 143, although not bearing directly on the point now under discussion, is worthy of mention. There the contention was made on the part of the defendant, and rejected by this court, that because the "crossing statute" (now Sections 58-743 and 58-1004 of the 1952 Code), requiring certain signals to be given by trains approaching crossings, was also penal in character, violations thereof being punishable in the criminal courts by fine, the burden was upon the plaintiff to prove such violation beyond a reasonable doubt before he would be entitled to base recovery upon it.

Affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.