17486

Mamie M. CHARLES, Rhea M. King, George McCown King, and
E. D. Charles, Jr., by his guardian ad litem, E. D. Charles, Sr.,
Respondents, v. B & B THEATRES, Appellant

(106 S. E. (2d) 455)

*Messrs. Smith & Smith,* of Florence, *for Appellant,* ■

*Messrs. Yarborough & Parrott,* of Florence, *for Respondents,*

January 2, 1959.

STUKES, Chief Justice.

This case is concerned with the alleged liability of the lessee to make repairs to the demised premises, which consist of a moving picture theatre. It is the defendant in the above action; the plaintiffs are the devisees of the lessor. The defendant-lessee demurred to the first cause of action of the complaint, which was overruled and it has appealed.

It is alleged in the complaint that the lessor leased the property on February 6, 1939 to one R. F. Wilson (who assigned the lease to the defendant) for a period of ten years which commenced at the completion of renovation and improvements, to the cost of which the lessor contributed $4,-000.00. The lease provided with respect to repairs:

"That all repairs to the said building during the life of this contract will be made at the cost and expense of R. F. Wilson, except the roof to same, and as to the roof George M. McCown (the lessor) hereby agrees to keep the same in good condition, make such repairs as necessary and pay the cost thereof."

The lease contained an option for an additional ten-year period at a fair and reasonable rental, to be determined by arbitration if necessary. The lessee constructed a marquee of

great weight and attached it to the front wall of the building, which caused the separation of it from the roof and side walls. In the negotiations for renewal of the lease at the end of the first ten-year period the lessee called attention to the need of repairs, estimating the cost of $3,000.00 to $4,000.00, which it would have to do and that ought to be considered in fixing the rental for the second ten-year period, saying that it would replace the marquee in view of which the lessor reduced the rental demand. After such negotiations a renewal lease was executed on February 13, 1950 covering the period of ten years from March 1, 1949. It contained the same provision with respect to repairs that was in the lease of 1939, quoted above. The tenant contended the marquee and the damage by it to the structure will necessitate the removal of it and the rebuilding of the front wall which will cost $5,000-.00. The plaintiffs have made demand upon the defendant lessee that it make such repairs, which has been refused, to plaintiffs' damage in the stated amount. The complaint contains a second cause of action for rent in arrears, which is not involved in the appeal.

Defendant demurred to the first cause of action in the complaint, which has been stated, upon the contention, in effect, that the quoted terms of the lease do not impose an obligation upon the lessee to make repairs, but leaves such to the option of the lessee, and that parol or other extrinsic evidence is not admissible to vary or add to the terms of the written instrument. The demurrer was overruled upon the conclusion that the lease is ambiguous with respect to repairs by the lessee in that it does not state what repairs are to be made at its expense, whether the parties intended that all necessary repairs should be made by the lessee at its expense, or whether only those which the lessee might make at its option, and that, therefore, the intention of the parties was left in doubt with respect to the actual intention upon which extrinsic evidence would be admissible upon trial. As aforesaid, the appeal is by the defendant-lessee from the order overruling its demurrer.

Upon consideration, we are constrained to agree with the trial court and to affirm its order.

It is elementary that when parties have reduced their contract to writing, the court can only look to the terms in which the parties have expressed their intentions in such writing. *Lagrone v. Timmerman,* 46 S. C. 372, 24 S. E. 290; *Blackwell v. Faucett,* 117 S. C. 60, 108 S. E. 295; *Mallard v. Duke,* 131 S. C. 175, 126 S. E. 525; *McPherson v. J. E. Sirrine & Co.,* 206 S. C. 183, 33 S. E. (2d) 501. But when the written contract is ambiguous in its terms, which that before us is, parol and other extrinsic evidence will be admitted to determine the intent of the parties. 9 S. C. Dig., Evidence, 448, Grounds for admission of extrinsic evidence, *et seq.*

There is another principle which is tangent to the present problem. When a written lease is silent on the subject of repairs to the property, parol agreement relating to same may be proved. *Williams v. Salmond,* 79 S. C. 459, 61 S. E. 79; *Holliday v. Pegram,* 89 S. C. 73, 71 S. E. 367, Ann. Cas. 1913A, 33. It is a short and logical step from that to the receipt of extrinsic evidence to make certain the meaning and intent of an ambiguous provision relating to repairs in a written lease contract. Indeed, the latter is a more easily justified departure from the general rule than is the former.

Of course, we do not here hold that the lessee is obligated to make repairs; that would be prejudging the case on the merits. Like the lower court, we merely hold that the lease is ambiguous upon the matter of repairs by the lessee and is subject to elucidation by evidence *aliunde* the lease, from which the court may find the intention of the contracting parties.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.