## 18785

John McCULLOUGH, Respondent, v. Charles GATCH, Appellant.
Forrest BLACKWELL, Respondent, v. Charles GATCH, Appellant.

(161 S. E. (2d) 182)

*Messrs. Daniel R. McLeod, Attorney General* and *E. N. Brandon* and *C. T. Goolsby, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. Herbert W. Louthian* and *J. Lewis Cromer,* of Columbia, *for Respondents,*

April 30, 1968.

BRAILSFORD, Justice.

After dark on April 14, 1964, on Farrow Road, in Richland County, an automobile belonging to Forrest Blackwell and operated by John McCullough was in collision with one of two unattended cows on the highway. Palmetto State Hospital, a facility of the State of South Carolina under the jurisdiction of the South Carolina Mental Health Commission, operates a nearby farm, from which the cows had strayed. Charles Gatch was employed as supervisor of this farm.

McCullough and Blackwell, respectively, sued Gatch for damages for personal injury and property damage. The cases were tried together in the Richland County Court and resulted in verdicts for the plaintiffs. In this consolidated appeal Gatch urges that the court erred in refusing his motion for verdicts by direction of the Court. Other grounds of appeal are urged, which, in our view of the case, need not be considered.

Plaintiffs offered no evidence except as to the immediate circumstances of the collision and its consequences. Gatch was connected with the incident only by the admissions of his answers that he was employed as farm supervisor by Palmetto State Hospital and, inferentially, that the cows in question came from that farm. Gatch, offering no testimony, moved for a directed verdict at the conclusion of plaintiff's evidence.

The trial court recognized that there was no evidence that Gatch had been guilty of any negligent act or omission, but held that the unexplained presence of the cows on the highway raised an issue for the jury as to whether he had violated Section 6-311, Code of 1962. The court instructed the jury that any violation of this statute, which we quote below, would be negligence *per se*:

"It shall be unlawful for the owner or manager of any domestic animal of any description *wilfully or negligently to permit* any such animal to run at large beyond the limits of his own land or the lands leased, occupied or controlled by him. Any owner, manager or person violating the provisions of this section shall be subject to a fine for each offense of not more than twenty-five dollars or to imprisonment for not more than twenty-five days." (Emphasis ours.)

It is at once apparent that this statute does not impose an absolute duty to prevent the escape of livestock from the owner's custody and control. At least negligence in permitting the animals to stray is of the essence of the proscribed conduct. Some evidence from which an inference of such negligence may be drawn is required. The mere presence of unattended animals on a highway is insufficient to support a conclusion that the statute has been violated.

Counsel for plaintiffs mistakenly urge that our decision in *Swindler v. Peay,* 227 S. C. 157, 87 S. E. (2d) 296, supports the ruling of the trial judge. In that case the sufficiency of the evidence to support the verdict against the owner of the cow was conceded. The only issue with respect to Section 6-311 was the owner's unfounded claim that it was error for the court to read this section, "which is a statute criminal in nature," to the jury in a civil action.

Apparently, *Swindler* is our only decision involving a collision between a motorist and a stray animal in which this statute has been invoked. For decisions from other jurisdictions involving statutes, of varying verbiage, making it unlawful to permit livestock to run at large, see Annotation, 34 A. L. R. (2d) 1285. Concerning statutes of similar tenor to ours, the annotator says at page 1291: "Authority is hardly required to support the proposition that negligence is a minimum prerequisite to liability under statutes prohibiting the owner of domestic animals from wilfully (knowingly, voluntarily) or negligently permitting such animals to run at large."

It has been held in a number of jurisdictions, either under various statutes or under the common law, that proof of the presence of an unattended animal on the highway makes out a *prima facie* case of negligence, requiring the the owner to present evidence in explanation. The contrary has been held in an equal number of jurisdictions. Annotation, 59 A. L. R. (2d) 1328, particularly Sec. 6, page 1343. We need not decide which view we would adopt in a common law action. These cases were submitted to the jury under the statute. Furthermore, under the facts of this case, the most favorable rule would not avail plaintiffs. Gatch was not the owner of the cows, and there is no evidence that they escaped from his personal charge. As supervisor of the farm, he was not an employer. He had no employees who could be about his business and for whose defaults he could be held liable under principles of respondeat superior. *Ellis v. Southern Railway Co.,* 72 S. C. 465, 473, 52 S. E. 228, 230, 2 L. R. A., N. S., 378; *Commonwealth to Use of Orris v. Roberts,* 392 Pa. 572, 141 A. (2d) 393, 71 A. L. R. (2d) 1124. Under these circumstances, the escape of the cows had no tendency to establish that Gatch was negligent. The verdicts against him have no support in the evidence in any view of the case.

Reversed.

Moss, C. J., and LEWIS, BUSSEY, and LITTLEJOHN, JJ., concur.