21632

Mabel REED, Respondent, v. Jocelyn CLARK, Appellant, and Mark Albert Reed, Respondent, v. Jocelyn CLARK, Appellant.

(286 S. E. (2d) 384)

*A. Parker Barnes, Jr., of Howell & Barnes,* Beaufort, and *Thomas C. Salane, of Turner, Padget, Graham & Laney,* Columbia, *for appellant.*

*Dowling, Sanders, Dukes, Novit & Svalina,* Beaufort, and *Ham & Richardson,* Columbia, *for respondents.*

January 20, 1982.

LITTLEJOHN, Justice:

Plaintiffs Mark Albert Reed and Mabel Reed, husband and wife, filed separate negligence actions for damages incurred when their vehicle collided on the highway with at least one horse which had escaped from a nearby pasture owned by defendant Jocelyn Clark. Husband's action for loss of consortium and wife's action for personal injuries were consolidated for trial. Defendant appeals the jury verdict awarding actual damages to Husband, and both actual and punitive damages to Wife.

The incident occurred about 3:00 on the morning of August 15, 1970, on old U. S. Highway 17 (subsequently replaced by I-95), a four-lane highway near Ridgeland, in Jasper County. Husband testified that he and his Wife, heading north, were emerging from some ground fog when he suddenly spotted three horses darting across the highway about 35 to 40 feet ahead of him. He testified further that he swerved his vehicle but, nevertheless, collided with two of the horses, causing him to lose control of his vehicle and to skid into the median.

One horse remained at the scene. It was retrieved shortly thereafter by defendant's daughter, Catherine Clark. She returned the horse to its pasture at Spring Hill, a plantation owned by the defendant and located adjacent to Highway 17 where the collision happened. A portion of defendant's 51-inch-high pasture fence restraining the horses had been crushed down, apparently by the escaped horse(s).

Plaintiffs alleged that defendant, owner of the plantation, was negligent, reckless and willful in numerous particulars, all of which allowed the horse(s) to escape, thereby causing the collision.

Defendant argues that plaintiff failed to show sufficient competent evidence from which a jury could find negligence, and, therefore, the trial judge erred in not granting defendant's motions for directed verdict and judgment n.o.v. We disagree.

At early common law, the owner of a domestic animal had no duty to keep his animal(s) off the highway. Moreover, he was not liable for damages to a motor vehicle or to a person riding therein caused by the animal(s) being at large on the highway, unless the particular animal was known to be vicious or it could reasonably have been anticipated that such injuries would result. Annot., 59 ALR2d 1328 (1958). The common law rule was adopted at a time when there was no elaborate system of highways and few motor vehicles, while at the same time the ownership of horses, cattle, sheep, and the like was the rule rather than the exception.

Over the years, however, the conditions changed drastically with the advent of the motor vehicle, the extensive network of improved highways, the phenominal increase in traffic, and the speed permitted by law. At the same time, ownership of domestic animals declined significantly and, today, they are largely for recreation and pleasure, as opposed to the necessity and means of support they once were.

In light of these changes, many states have enacted statutes replacing the common law by making it unlawful today for livestock to run at large beyond one's own property. These statutes generally impose a duty to exercise reasonable care in maintaining one's domestic animals, i.e., "negligence" standard of conduct.

The applicable statute in South Carolina is found today under § 47-7-110, Code of Laws of South Carolina (1976), which provides in part as follows:

It shall be unlawful for the owner or manager of any domestic animal of any description wilfully or negligently to permit any such animal to run at large beyond the limits of his own land or the lands leased, occupied or controlled by him.

We have held heretofore that this statute does not impose an absolute duty to prevent the escape of livestock from one's

custody and control. More than a showing of the presence of unattended animals on a highway is required. To recover under this statute, one must offer evidence from which a jury could infer at least negligence in permitting the animals to stray. *McCullough v. Gatch*, 251 S. C. 171, 161 S. E. (2d) 182 (1968).

Upon review of the record, we find sufficient evidence from which a jury could infer that defendant negligently failed to maintain a reasonably adequate pasture fence. There is testimony that the fence at the place where the horse(s) apparently escaped was not strong enough under the attending circumstances: this portion of fence was next to a stall where horses congregate, the pasture was adjacent to a four-lane highway, and the risk to motorists, if horses escaped, was a potentially dangerous one. Further, there is evidence of prior escapes by horses on at least five occasions, admittedly known by the plantation employee who maintained the fences. The record shows additionally that the horses had been allowed to graze unrestrained outside the fenced pasture on prior occasions, thereby tending to induce a horse to seek greener pastures. The trial judge did not err in denying defendant's motions for directed verdict and judgment n. o. v.

Neither did the trial judge err, as defendant contends, by admitting evidence of prior escapes. Defendant's employee admitted that horses had escaped approximately five times previously. He further testified that among those horses was the same one which collided with plaintiff's vehicle. Defendant argues the evidence was inadmissible inasmuch as the prior escapes were made from a 30-acre pasture surrounded by an old, unmaintained fence, while the present escape occurred from a 4-acre pasture enclosed by a newer fence. Both fences were of similar construction (one strand of barbed wire over hog wire).

Evidence of similar acts is admissible in South Carolina where there is some special relation between them which would tend to prove or disprove some fact in dispute. *JKT Company, Inc. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980). "It is simply a rule of relevance, logic, and common sense." *Brewer v. Morris*, 269 S. C. 607, 239 S. E.

(2d) 318 (1977). In 4 Am. Jur. (2d) *Animals* § 86, we find the following:

. . . [T]he owner or keeper of a domestic animal is bound to take notice of the general propensities of the class to which it belongs, *and also of any particular propensities peculiar to the animal itself of which he has knowledge or is put on notice;* and insofar as such propensities are of a nature likely to cause injury he must exercise reasonable care to guard against them and to prevent injuries which are reasonably to be anticipated from them. In this respect, a vicious or dangerous disposition or propensity may consist of mere mischievousness or playfulness of the animal, which, because of its size or nature, might lead to injury, for it is the act of the animal, rather than its state of mind, which charges the owner or keeper with liability. (Emphasis added.)

The fact that the same horse had escaped numerous times, even though from a different pasture with a different fence, is at least some competent evidence showing the propensity of this particular animal to seek freedom outside a fenced area. This propensity takes on increased significance in light of the large size of a horse and the proximity to a major highway. Knowledge by the employee of this horse's inclination to escape is imputed to the defendant. 4 Am. Jur. (2d) *Animals* § 87. This evidence was properly admitted.

Defendant asserts the trial judge did not correctly apply Circuit Court Rule 90 (pretrial discovery rule) in two instances during trial. Under this Rule, one party must provide, at the other party's request, the names and addresses of expert witnesses to be called at trial and a list of photographs in possession of the party that relates to the claim or the defense in the case. 90(e)(2), (6).

During the course of the trial, defense counsel sought and found an expert witness who allegedly would contradict certain testimony already given by plaintiff's witnesses. At that time, plaintiff was first notified of defendant's expert. The expert was not permitted to testify because the trial judge ruled that the defendant's attorney had not complied with Rule 90.

Disclosure of information between the parties before trial is designed to avoid surprise and to promote decisions on the merits after a full and fair hearing. *Jackson v. H & S Oil Co., Inc.,* 263 S. C. 407, 211 S. E. (2d) 223 (1975). The duty to provide the requested information continues from the initial request until the time of the trial of the case. 90(c). There are times when a party should be permitted to use witnesses, exhibits, photographs, etc. which have not been disclosed *before* trial because of circumstances arising *after* the trial has begun, e.g., unexpected testimony. The decision to admit or exclude the "new" witness, etc. is discretionary with the trial judge. *Jackson v. H & S Oil Co., Ins., supra.* He should consider the reason the new information was not provided earlier, the purpose of the new information, and the prejudice to the opposing party. See *Laney v. Hefley,* 262 S. C. 54, 202 S. E. (2d) 12 (1974).

The record before us does not reveal the circumstances surrounding the exclusion of defendant's expert witness. No offer of proof of the expert's proposed testimony is found in the transcript. The sole reference to this matter is as follows:

[Defense Counsel:] We would ask His Honor, with all due respect, to recall the conversation in Chambers two days ago when we wanted to put up a witness, and His Honor made the statement, "We're going to go by the rules" so far as calling witnesses whose names do not appear on the Interrogatories, and His Honor denied me at that time, took the right to call a witness.

Under these circumstances, we cannot say the trial judge abused his discretion.

During presentation of defendant's case, plaintiff was permitted, over objection, to impeach a defense witness on cross-examination through the use of several photographs. These photographs had not been listed by plaintiff's attorney as requested by defendant under Rule 90. Defense counsel now asserts as error the trial judge's refusal to exclude these photographs.

We have held that witnesses and exhibits used solely for impeachment purposes are nevertheless subject to the disclosure provisions of Rule 90. *Martin v. Dunlap,* 266 S. C. 230, 222 S. E. (2d) 8 (1976). Accordingly, the trial judge must apply the same factors mentioned above. We need not determine whether the trial judge erred in admitting the photographs. During direct examination of his next witness on the same subject matter, defense counsel asked his witness to identify and describe these same photographs but failed to first reserve his earlier objection. Failure to reserve an objection in this manner waives any error. *Thomas-McCain, Inc. v. Siter,* 268 S. C. 193, 232 S. E. (2d) 728 (1977). Moreover, we agree with plaintiff's counsel that these photographs were merely cumulative to oral testimony earlier provided by several witnesses.

The next issue is whether there was any evidence of willfulness, wantoness, and/or recklessness from which a jury could award punitive damages. It is well-settled that causative violation of an applicable statute constitutes actionable negligence and is evidence of recklessness, willfulness and wantoness. *Carraway v. Pee Dee Block, Inc.,* S. C. 273 S. E. (2d) 340 (1980). We have already upheld the jury's finding that defendant violated the applicable statute, § 47-7-110. Thus, the general rule above applies and the punitive damages are affirmed.

Defendant's exception to the charge to the jury is without merit and dismissed under Rule 23.

The verdicts of the trial court are hereby

Affirmed.

LEWIS, C. J., NESS and GREGORY, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.