22086

James R. MORGAN, Respondent, v. CAROLINA DOOR PRODUCTS, INC., Appellants.

(315 S. E. (2d) 117)

Supreme Court

*George E. Lewis* and *Thomas C. Salane* of *Turner, Padget, Graham & Laney,* Columbia, *for appellant.*

*Frank B. Register* of *Cooper, Register & Vaughn,* Lexington, *for respondent.*

April 24, 1984.

NESS, Justice:

This is an action for breach of contract. Appellant Carolina Door Products contends the trial court erred and lists various exceptions.

We agree as to: limiting the damages, the excessiveness of the verdict, and the admission of parol evidence, and affirm and award respondent $2,527.50, the amount of damages proved and specified in his answer to interrogatories.

In October of 1976 the parties entered into a written agreement permitting respondent, Morgan, who had previously been a salaried sales representative of Carolina Door, to become a straight commission salesman. Under the specific terms of the agreement, Morgan was to receive a variable commission for all sale orders, dependent upon the percentage mark-up of the order, and a flat 10% commission on all service orders. The agreement also granted Morgan the exclusive right to receive commissions from the sale and service

of overhead door products to two local commercial customers. Attached to the agreement was a map outlining the geographical area surrounding Columbia, with the name "Morgan" superimposed thereon.

The parties operated under this contract until Morgan's dismissal in May 1979. Morgan subsequently instituted this action, claiming Carolina Door had breached the agreement by failing to pay him all commissions earned during their employment relationship, and received a jury verdict of $15,000 actual damages.

■ Appellant first asserts the trial court erroneously allowed respondent to give parol testimony which conflicted with, rather than explained, the terms of the written agreement. We agree.

"It is elementary that when parties have reduced their contract to [a] writing [which is unambiguous], the court can only look to the terms in which the parties have expressed their intentions in [this] writing." *Charles v. B & B Theatres*, 234 S. C. 15, 18, 106 S. E. (2d) 455, 456 (1959); *Blakeley v. Rabon*, 266 S. C. 68, 221 S. E. (2d) 767 (1976).

We find the contract unambiguously granted exclusivity to respondent only with respect to the sale of overhead door products to the two local commercial customers, and did not give him an exclusive territory to serve. We hold the trial judge erred in allowing respondent to present any testimony which conflicted with the terms of the written contract.

■ Appellant next argues the trial court erred in refusing to grant its motions for directed verdict and judgment notwithstanding the verdict, contending respondent failed to present sufficient evidence to go to the jury on the question of breach of contract. We disagree.

"On a motion for directed verdict the Court must view the evidence in the light most favorable to the non-moving party. If more than one reasonable inference can be drawn from the testimony, the case should be submitted to the jury." *King v. North River Insurance Company*, 278 S. C. 411, 413, 297 S. E. (2d) 637, 638 (1982).

Our review of the testimony reveals appellant did not attempt to refute all of respondent's allegations relating to unpaid commissions. Additionally, there was considerable dispute as to whether respondent received all commissions he

was entitled. We hold these facts were sufficient to present the issue of breach to the jury.

Appellant next maintains the trial court erred in refusing to limit proofs and recovery of damages to the amounts specified in respondent's answers to interrogatories. We agree.

In his complaint, Morgan prayed for actual and punitive damages in the amount of $50,000. However in his answers to interrogatories served pursuant to Circuit Court Rule 90, he listed only $2,527.50 damages. After successfully moving to strike respondent's prayer for punitive damages, appellant requested the trial court to impose the sanctions of Rule 90(f) by limiting respondent's proofs of damages to the amount alleged in his answer to interrogatories. The trial court denied this request.

Generally, the imposition of sanctions for an alleged non-compliance with Rule 90 is left within the discretion of the trial judge. *Jackson v. H & S Oil Company, Inc.*, 263 S. C. 407, 211 S. E. (2d) 223 (1975); *Martin v. Dunlap*, 266 S. C. 230, 222 S. E. (2d) 8 (1976). While we have previously held sanctions for violations of Rule 90 in the context of unrevealed witnesses should not be lightly invoked, we hold a failure to disclose readily ascertainable damages does not deserve a similar degree of judicial restraint.

"Disclosure of information between the parties before trial is designed to avoid surprise and to promote decisions on the merits after a full and fair hearing." *Reed v. Clark*, 277 S. C. 310, 316, 286 S. E. (2d) 384, 388 (1982). Respondent's failure to ascertain and inform appellant of his damage claims prior to trial clearly undermines the policy that every party should have the opportunity to fully prepare and develop his case for trial.

Even if respondent were unable to adequately calculate his damages when interrogatories were served, he was still obliged to inform appellant of these figures when they became finalized, as "[t]he duty to provide the requested information continues from the initial request until the time of the trial of the case." *Reed*, 277 S. C. at 316, 286 S. E. (2d) 384; Circuit Court Rule 90(C).

In determining whether to impose sanctions the trial judge "should consider the reason the new information was not

provided earlier, the purpose of the new information, and the prejudice to the opposing party." *Reed*, 277 S. C. at 316, 286 S. E. (2d) 384. Our review of the record indicates the prejudice caused appellants by this non-disclosure clearly outweighs that suffered by respondent, whose failure to compute the amount of damages suffered is inexcusable. We find the trial court abused its discretion and hold respondent is limited to the amount of damages set forth in his answers to interrogatories.

Appellant finally claims the verdict was excessive and based on speculation. We agree.

While the record presents a jury issue as to the amounts specified in respondent's answer to interrogatories, there is no evidence upon which a $15,000 verdict may be supported. Respondent's case is replete with bald assertions of harm, but is, with the exception of the $2,527.50 damage claim, completely devoid of any evidence accurately measuring the degree of financial harm suffered.

We affirm and award respondent $2,527.50, the amount of damages specified in his interrogatory.

Affirmed.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.