0797

William S. LEWIS, Respondent v. AYNOR FARM CENTER, a South Carolina Corporation, Phillip V. Ambrose, S. Mitch Hardwick, Willie A. Barnhill, The Hartford Insurance Company, and General Adjustment Bureau, Inc., Defendants, Appeal of GENERAL ADJUSTMENT BUREAU, INC. and The Hartford Insurance Company.

(348 S. E. (2d) 537)

Court of Appeals

*Hudson & Sweeny,* Conway, *for General Adjustment Bureau, Inc.*

*Joseph, Harris, Hanna & Corbett,* Surfside Beach, *for The Hartford Ins. Co.*

*Thompson, Henry & Gwin,* Conway, *for respondent.*

Heard June 18, 1986.

Decided Sept. 8, 1986.

SHAW, Judge:

Respondent mortgagee, William S. Lewis, brought this action against appellant, Hartford Insurance Company,[1] the mortgagor's insurer, seeking the contents proceeds of a fire insurance policy. Lewis claimed an equitable lien on the proceeds. Hartford cross-claimed against appellant adjuster, General Adjustment Bureau, Inc. (GAB), for subrogation claiming GAB negligently adjusted the claim. The trial court ordered judgment for Lewis against Hartford for $48,000.00 and for Hartford against GAB in the same amount. Hartford and GAB appeal. We affirm.

On appeal of an action in equity, tried by a judge alone, this court may find facts in accordance with its own view of the evidence. *Commercial Union Assurance Co. v. Castille,* 283 S. C. 1, 320 S. E. (2d) 488 (Ct. App. 1984).

On February 12, 1979, Lewis sold his entire business, Lewis Mercantile & Milling Co., Inc., including land, build-

---

[1] Lewis also named the mortgagor, Aynor Farm Center, Inc., and its shareholders Phillip V. Ambrose, S. Mitch Hardwick, and Willie A. Barnhill as defendants. Aynor Farm Center and the individual defendants defaulted and later filed bankruptcy.

ings, equipment, and inventory to Aynor Farm Center, Inc. (Aynor). As part of the purchase price, Aynor gave Lewis a note for $200,000.00, secured by a purchase money mortgage on the real estate and buildings, and a security interest in the equipment and inventory for $50,000.00 for three years after the sale. Hartford issued a policy on October 18, 1981, insuring the buildings, inventory, and equipment. On January 8, 1982, one of the buildings was partially destroyed by fire. Hartford hired GAB to investigate and adjust the loss.

Hartford then issued a series of checks, based on reports from GAB, to cover the loss. Lewis' name was included on checks covering the loss of the building, damaged signs, and accounts receivable. His name was not included on two checks, totalling $135,000.00, covering loss of contents. Lewis claims the checks were issued after Hartford had notice of his interest in the contents.

Aynor owed Lewis $193,188.22 at the time of the fire. After Aynor defaulted, Lewis foreclosed and obtained a deficiency judgment. He sought to recover the balance owed him through this action.

■ Both Hartford and GAB argue the trial court erred in finding Aynor agreed to insure the contents of the building for Lewis' benefit. Specifically, they allege the trial judge erroneously allowed Lewis to testify to such an agreement since this testimony violates the parol evidence rule. Hartford and GAB do not question the judge's finding an oral agreement to insure gives rise to an equitable lien. *Blackwell v. State Farm Mutual Automobile Ins. Co.*, 237 S. C. 649, 118 S. E. (2d) 701 (1961); *Swearingen v. Hartford Insurance Company*, 52 S. C. 309, 29 S. E. 722 (1898).

Parol evidence is admissible if a written instrument is ambiguous. *Charles v. B & B Theatres*, 234 S. C. 15, 106 S. E. (2d) 455 (1959). The mortgage in this case states, "And it is agreed, ... Aynor Farm Center, Inc., ... will ... insure the building ... from loss or damage by fire ... and assign the policy of insurance to ... Lewis." The mortgage then states, "For the first three years ... [Aynor] agrees to keep at least ... ($50,000.00) ... of inventory on the premises." The trial judge found these provisions, together with the financing statement securing the proceeds of collateral for $50,000.00,

created an ambiguity over the parties' intent warranting the parol evidence. We agree and find no error.

Hartford and GAB also argue the trial court erred in finding GAB, and thus Hartford, had notice of Lewis' interest in the insurance proceeds on the contents. We disagree.

Lewis testified he called Connie Martin, an adjuster at GAB, on January 8, 1982, and informed her of his interest. Lewis claimed he told Martin of his lien on the building and inventory and she assured him his interest would be protected. Martin admitted Lewis called her, but denied he informed her of his lien on the inventory. Lewis' attorney called GAB on April 19, 1982, and on April 20, 1982, concerning this matter. Lewis' attorney wrote a letter to Martin, dated April 16, 1982, in which he enclosed a letter, dated March 29, 1982, he had sent to Aynor's attorney concerning this loss. Martin admitted the letter informed her, "Any insurance draft should have Mr. Lewis' name thereon as mortgagee." Martin testified this letter was received on April 19, 1982.

Hardy Radford, Jr., a general adjuster with GAB, admitted he relied on Aynor's information regarding lienholders and, when Lewis' attorney sent him Lewis' financing statements, he did not verify them. Hartford's regional claims manager, Ralph Jones, Jr., stated he would have included Lewis' name on the contents draft had he known of the financing statements and if the liens had been verified. The final contents draft was delivered to Aynor on April 20, 1982. We think it patent from the evidence outlined above GAB, and thus its principal Hartford, had notice Lewis claimed a lien on the contents proceeds.

GAB claims the trial court erred in failing to find Hartford is estopped from seeking subrogation from GAB. GAB argues Hartford paid Aynor a sufficient sum, after receiving notice from GAB, by which it could have cured Lewis' claim.

Hartford did pay Aynor $49,398.01 in September of 1982. However, this payment covered Aynor's business interruption loss which Aynor had insured against with Hartford. These proceeds were separate from any Lewis had any claim against. Thus, Hartford could not condition payment of

these proceeds to Aynor by placing Lewis' name on the checks. GAB cannot expect Hartford to breach a contract with Aynor to mitigate the results of GAB's negligence.

Finally, we hold all other assignments of error by GAB and Hartford are manifestly without merit. S. C. Code Ann. § 14-8-250 (Supp. 1985).

Affirmed.

SANDERS, C. J., and BELL, J., concur.