701 S.E.2d 772

**Pearl C. WILLIAMS, Appellant,**

v.

**Dean SMALLS, Respondent.**

No. 4755.

Court of Appeals of South Carolina.

Submitted May 3, 2010.

Decided Oct. 20, 2010.

Rehearing Denied Nov. 30, 2010.

Michael T. Miller, of Florence, for Appellant.

R. Hawthorne Barrett, of Columbia, and R. Heath Atkinson, of Florence, for Respondent.

THOMAS, J.

Pearl C. Williams appeals the trial court's grant of summary judgment which held section 47–7–130 of the South Carolina Code (1987) did not impose strict liability on the owner of livestock for personal injuries suffered when Williams's automobile collided with escaped cows. We affirm as modified.

## FACTS

In January 2006, Pearl Williams was traveling along U.S. Highway 76 in Marion County, when her automobile collided with cows owned by Dean Smalls, causing Williams personal injury.

Williams sued Smalls alleging both negligence and, pursuant to section 47–7–130, strict liability. Smalls moved for summary judgment, and Williams conceded summary judgment on the negligence claim. The trial court subsequently heard the motion on the strict liability claim and granted summary judgment, finding section 47–7–130 extended only to real

property damage and not personal injury. This appeal follows.

## STANDARD OF REVIEW

A trial court may grant a motion for summary judgment when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP. However, "[d]etermining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law de novo." *Town of Summerville v. City of N. Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008); *see also Catawba Indian Tribe of S.C. v. State,* 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007).

## LAW/ANALYSIS

The trial court held there was no support for the position that the damages recoverable under section 47–7–130 extended to personal injury. Accordingly, the trial court held that recovery for personal injury resulting under these facts required a showing of negligence and therefore granted summary judgment. We agree, in part.

This case involves two novel questions of law: first, whether section 47–7–130 imposes a strict liability standard on the owners of livestock for personal injury, and second, if such a standard is imposed, whether it extends to personal injury occasioned when livestock is found at large upon a public roadway.

Section 47–7–130 of the South Carolina Code provides:

Whenever any domestic animals shall be found upon the lands of any other person than the owner or manager of such animals, the owner of such trespassing stock shall be liable for all damages sustained and for the expenses of seizure and maintenance. Such damages and expenses shall be recovered, when necessary, by action in any court of competent jurisdiction. And the trespassing stock shall be held liable for such damages and expenses, in preference to all other liens, claims or encumbrances upon it.

When this court is confronted with construing a statute:

[If] the statute's language is plain and unambiguous, and conveys a definite meaning, the rules of statutory construction are not needed and the court has no right to impose another meaning. What a legislature says in the text of a statute is considered the best evidence of legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature.

*Hardee v. McDowell,* 381 S.C. 445, 453, 673 S.E.2d 813, 817 (2009) (internal quotations and citations omitted).

■ Initially, the plain language of section 47–7–130 imposes strict liability for *"all damages."* S.C.Code Ann. § 47–7–130 (emphasis added). We find the plain meaning of the language "all damages" contemplates not only injury to real property, but also personal property. *See Kirby v. Mathis,* 89 S.C. 252, 71 S.E. 862 (1911) (imposing strict liability on the owner of trespassing stock for damage done to plaintiff's wheat crop); Restatement (Third) Torts: Liab. Physical Harm § 21 (2005) (recognizing the tendency of wandering animals to not only injure real property, but also to damage structures and other personal property unaffixed to the land, such as: harvested crops, livestock, and feed supplies); *Vangilder v. Faulk,* 244 Ark. 688, 426 S.W.2d 821 (1968) (recognizing the owner of a trespassing bull to be liable for damage caused when the bull attacked the plaintiff's livestock); *Hart v. Meredith,* 196 Ill.App.3d 367, 143 Ill.Dec. 75, 553 N.E.2d 782 (1990) (recognizing liability on the owner of a trespassing bull for impregnating plaintiff's cow); W. Page Keeton et al., Prosser & Keeton on the Law of Torts 560 (5th ed.1984) (discussing the liability of the owner of trespassing stock for infecting plaintiff's animals with disease). Additionally, this plain reading contemplates strict liability for personal injury. *See Robinson v. Kerr,* 144 Colo. 48, 355 P.2d 117 (1960) (finding strict liability for personal injury caused by livestock while plaintiff was attempting to expel the trespassing stock); *Nixon v. Harris,* 15 Ohio St.2d 105, 238 N.E.2d 785 (1968) (imposing strict liability for personal injury caused by trespassing livestock); *Williams v. River Lakes Ranch Development Corp.,* 41 Cal.App.3d 496, 116 Cal.Rptr. 200 (1974) (imposing strict liability on the owner of a bull when the bull trespassed on neighboring property and gored the owner).

■ However, just as the plain language of section 47–7–130 imposes strict liability for "all damages," the title of the statute directly and specifically addresses the "liability of owners of *trespassing* stock." *See* S.C.Code Ann. § 47–7–130 (emphasis added). In the general sense, a trespass is an intentional tort in which a trespasser invades a plaintiff's interest in the exclusive possession of his real property. *See, e.g., Cedar Cove Homeowners Ass'n, Inc. v. DiPietro*, 368 S.C. 254, 264, 628 S.E.2d 284, 289 (Ct.App.2006) (Anderson, J., dissenting). Accordingly, the language of section 47–7–130 is not as explicit in regards to when strict liability is appropriate as it is about what damages an owner shall be strictly liable for. Consequently, we must look beyond the language of the statute to determine if strict liability applies only when the damage is a result of a trespass.

■ Traditionally, the common law did not, and in the absence of a statute to the contrary does not, impose a strict duty to keep one's stock from entering public highways or roadways unless the animal has reasonably known dangerous propensities. *See Gibbs v. Jackson*, 990 S.W.2d 745, 747 (Tex.1999) (indicating that at the common law, although the owner of stock had a duty to prevent the animal from trespassing upon another person's land, he had no duty to prevent the animal from straying onto a public roadway unless the owner had prior knowledge that the particular animal had dangerous propensities) (citing *Cox v. Burbidge*, 13 C.B. (N.S.) 430, 438–39 (Eng.C.P.1863); *Heath's Garage, Ltd. v. Hodges*, [1916] 2 K.B. 370, 375–84 (Eng.C.A.); Salmond, Salmond on Torts § 127, at 494, 500 (W.T.S. Stallybrass, ed. 7th ed.1928)). In the absence of this strict duty, the preferred standard is negligence. *See* Restatement (Third) Torts: Liab. Physical Harm § 21 (noting that traditionally when stock strays onto highways, liability should rest only on a negligence standard and distinguishing between stock trespassing on private land, where the stock is the sole active entry and incidents on highways which must involve at least two actors).

■ The very essence of trespass, as a cause of action, is to ensure protection of an individual's rights and interests in real property, not the least of which is the right of exclusion. In the simplest sense, these rights which support the imposition

of strict liability are not implicated in situations in which stock enter upon public highways or roadways, and consequently, it seems universally accepted that liability in these circumstances shall be found only upon a showing of negligence. *See Toole v. Dupuis,* 735 So.2d 582 (Fla.Dist.Ct.App.1999) (specifically considering and rejecting the application of strict liability to the owner of stock straying onto highways); *Hand v. Starr,* 250 Neb. 377, 550 N.W.2d 646 (1996) (indicating a standard of strict liability for trespassing stock and negligence for stock entering public highways); *Byram v. Main,* 523 A.2d 1387 (Me.1987) (finding an owner's liability for stock straying onto highways shall be based upon negligence, not strict liability); *Davert v. Larson,* 163 Cal.App.3d 407, 209 Cal.Rptr. 445 (1985) (indicating that the appropriate standard for trespassing stock is strict liability, but the standard for stock entering public highways is a negligence standard); *Vaclavicek v. Olejarz,* 61 N.J. 581, 297 A.2d 3 (1972) (declining to apply strict liability to owners of stock entering public highways); *Scanlan v. Smith,* 66 Wash.2d 601, 404 P.2d 776 (1965) (ruling negligence is the applicable standard for stock straying upon highways).

In this case, because Smalls's cows strayed onto a public highway and not Williams's private land, no property right of Williams's was impinged solely by the cows' presence upon the highway. Similarly, Williams enjoys neither the right of exclusive possession nor the right to expel other persons or property from the highway. Consequently, the historic justifications for the imposition of strict liability upon the owner of stock are not at stake here. Williams is entitled to no expectation that the roadways will be free and clear of all hazards, simply those hazards interposed by the unreasonable conduct of others. Likewise, a collision would require conduct on the part of Williams beyond merely the intrusion by the stock, which is not a risk common to trespassing stock. Therefore, we must find strict liability is not to be imposed when stock strays onto a highway or roadway. Rather, liability shall be found only upon negligence.

This holding aligns with the jurisprudence of this State which has recognized the imposition of a duty upon stock owners not to willfully or negligently permit animals to run at large. *See* S.C.Code Ann. § 47–7–110 (1987) (stating it shall be unlawful to willfully or negligently allow stock to run at

large). Similarly, the courts of this State have suggested that liability for collisions with stock wandering into a highway rests on a negligence theory. *Swindler v. Peay*, 227 S.C. 157, 161, 87 S.E.2d 296, 299 (1955) (finding in a case in which a driver collided with livestock it was not error to suggest the predecessor of section 47–7–110 stated a duty on the part of the owner of the escaped stock); *see also Reed v. Clark*, 277 S.C. 310, 314, 286 S.E.2d 384, 387 (1982); *McCullough v. Gatch*, 251 S.C. 171, 175, 161 S.E.2d 182, 183–84 (1968) (both applying a negligence standard under the predecessor of section 47–7–130 in cases where a car collided with stock in the highway).

Recognizing the applicable standard of liability in this case is negligence, we find no error on the part of the trial court. Significantly, because Williams conceded any issues of negligence in this case we are not occasioned to consider what conduct will sufficiently support such a claim. It suffices that because our supreme court has held the duty imposed by section 47–7–110 to not willfully or negligently allow stock to run at large will not support negligence *per se,* a plaintiff must provide evidence of negligence in order to overcome summary judgment. *See McCullough,* 251 S.C. 171, 161 S.E.2d 182 (finding a plaintiff who collided with stock must present evidence of negligence on the part of the defendant).

## CONCLUSION

We find section 47–7–130 imposes strict liability for personal injury caused by trespassing stock; however, we also find that negligence, not strict liability, is the appropriate standard for instances in which livestock wander into a highway. Accordingly, because we can affirm for any reason appearing in the record,[1] the trial court's grant of summary judgment for failure to provide evidence of negligence is

**AFFIRMED AS MODIFIED**

FEW, C.J. and PIEPER, J., concur.

---

1. *See I'On v. Town of Mt. Pleasant,* 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (noting that an appellate court can affirm the trial court for any reason appearing in the record).