**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Minnie Davis-Leaf, Appellant,

v.

Wanda Davis, Respondent.

AND

Elvis Nelson, Appellant,

v.

Kelsey Jones, Carroll Jones, and Wanda Davis, Defendants,

Of Whom Wanda Davis is the Respondent.

AND

Samuel Hayward, Appellant,

v.

Wanda Davis, Respondent.

Appellate Case No. 2019-001879

———————————

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-210
Submitted March 1, 2022 – Filed May 18, 2022

---

**AFFIRMED**

---

John Richard Moorman, of Bryan Law Firm of SC,
L.L.P., of Sumter, for Appellants.

Damon Christian Wlodarczyk, of Riley Pope & Laney,
LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Minnie Davis-Leaf, Elvis Nelson, and Samuel Hayward appeal circuit court orders granting summary judgment in favor of Wanda Davis. On appeal, they argue the circuit court erred in granting summary judgment because a genuine issue of material fact existed regarding whether Davis was negligent in allowing her horse to escape its enclosure. Because no genuine issue of material fact exists, we affirm. *See Companion Prop. & Cas. Ins. Co. v. Airborne Express, Inc.*, 369 S.C. 388, 390, 631 S.E.2d 915, 916 (Ct. App. 2006) ("In reviewing a motion for summary judgment, the appellate court applies the same standard of review as the [circuit] court under Rule 56(c), SCRCP."); *id.* ("Summary judgment should be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 390-91, 631 S.E.2d at 916 ("Our standard of review in evaluating a motion for summary judgment is to liberally construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable inferences that might reasonably be drawn therefrom." (quoting *Estes v. Roper Temp. Servs., Inc.*, 304 S.C. 120, 121, 403 S.E.2d 157, 158 (Ct. App. 1991))); S.C. Code Ann. § 47-7-110 (2017) ("It shall be unlawful for the owner or manager of any domestic animal of any description wilfully or negligently to permit any such animal to run at large beyond the limits of his own land or the lands leased, occupied or controlled by him."); *Reed v. Clark*, 277 S.C. 310, 313-14, 286 S.E.2d, 384, 387 (1982) ("[T]his statute does not impose an absolute duty to prevent the escape of livestock from one's custody and control. More than a showing of the presence of unattended animals on a highway is required. To recover under this statute, one must offer evidence from which a jury could infer at least negligence in permitting the animals to stray."); *McCullough v. Gatch*, 251 S.C. 171, 174, 161 S.E.2d 182, 183

(1968) ("The mere presence of unattended animals on a highway is insufficient to support a conclusion that the statute has been violated.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.